No. 18,985.

The Hauf Brau, et al. *v.* Board of County Commissioners of Larimer County, et al., Dr. J. W. Byers, et al., Intervenors.

(359 P. [2d] 659)

Decided February 27, 1961.

Mr. JOHN J. TOBIN, for plaintiffs in error.

Mr. RALPH B. HARDEN, Mr. JOHN E. KOCHENBURGER, for defendant in error Board of County Commissioners.

Mr. WILLIAM H. ALLEN, Mr. WILLIAM C. STOVER, Mr. EUGENE E. MITCHELL, for Intervenors.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

PLAINTIFFS in error appeared as petitioners in the trial court, wherein they sought to have reviewed the actions of the Board of County Commissioners of Larimer County in refusing to grant to them a license to sell packaged liquors.

We refer to the parties as petitioners and the board. From the record it appears that the petitioners, co-partners doing business under the name Hauf Brau, own and operate a restaurant, dance hall, lounge and bar, where malt liquor is sold pursuant to license issued therefor. Their place of business is located about one mile east of the City of Fort Collins and adjacent to State Highway No. 14.

On June 10, 1958, petitioners filed with the board their application for a Retail Store Liquor License authorizing the sale of liquor in packages, the same to be sold in a separate building to be erected on a portion of the lands owned by petitioners and adjacent to their other operations.

Public hearing was had by the board on July 11, 1958, at which time it was established without question that petitioners possessed the statutory requirements, such as financial stability, knowledge of the business, good character, etc., to entitle them to a license.

In support of their application each of the partners

testified in behalf of the partnership, and each testified that the nearest package outlets to their proposed location was Wellington, twelve miles to the north, and Loveland, about fifteen miles to the south and west. Each indicated a desire to express an opinion that there was need for their proposed operation in order to adequately serve the requirements of the neighborhood. Neither was permitted to express such opinion and neither they nor anyone in their behalf testified to any facts from which such an opinion could be formed or such conclusion reached.

To further sustain their petition they filed with the board petitions bearing the signatures of 234 persons who designate themselves as:

"* * * Patrons of the Hauf Brau and residents of *the community thereof* * * *." (Emphasis supplied.)

Opposite the names of 189 of the total of 234 signers appears a Fort Collins address. The remaining signatures are of persons who give addresses ranging from Sterling on the east, Denver on the south, Estes Park on the west to Wyoming on the north. All signers had signed at or in the petitioners' lounge or bar, presumably while there as patrons.

We have made a careful search of the record and find therein not one word offered in support of petitioners' application either by testimony, petitions, exhibits or otherwise, to the effect that the reasonable requirements of the neighborhood dictate the issuance of any license, additional or otherwise, for the sale of any intoxicating liquor in any form. On that very essential part of petitioners' case the record is silent. The record is also devoid of proof that the neighborhood, whether including Fort Collins or not, has any reasonable requirement for service that it does not now have. Lack of proof of the fact that the neighborhood is not adequately served precludes the issuance of a license. *Commissioners v. Salardino,* 136 Colo. 421, 318 P. (2d) 596.

In opposition to the granting of the license Intervenors

presented the testimony of the Superintendent of Schools of School District No. 5, which district includes all of the City of Fort Collins and some adjacent rural areas, including the Hauf Brau property. He strongly urged that school administrators recognize and know as a fact that school disciplinary problems increase as drinking by parents increases or becomes more prevalent, and that to make liquor more readily available increases drinking and, as a consequence, added school disciplinary problems.

Also presented was the testimony of the head of a manufacturing concern which has its place of business in or immediately adjacent to Fort Collins and employs about 450 persons. He opposed the granting of the license on the basis that liquor is bad for employees and to increase the number of outlets simply adds to vexing problems of employers and employees.

A third witness, a self-styled "planner" whose undefined expert qualifications were stipulated to by the parties, expressed his opinion as to what constitutes a neighborhood or community and opined, contrary to the conclusions of petitioners, that the so-called Hauf Brau community, being an area within one mile of the Hauf Brau place of business, was not a community, that Fort Collins is the center of the community in which Hauf Brau is located. He also conceded that the sale of liquor would influence the trade of the cultural center of the community.

Intervenors also presented to the board for its consideration petitions or remonstrances signed by about 2000 persons, mostly residents of Fort Collins. These remonstrators stated that:

"We * * * residents in the general area and vicinity of the Hauf Brau * * * believe there is no real necessity for this license. * * *."

Also presented were petitions containing names of forty-seven residents living within a radius of two miles of Hauf Brau, who by signing the petitions protested the

issuance of a license and stated among other things that:

"In the course of such residence we are generally acquainted with the neighborhood's requirements in respect of supply and consumption of alcoholic beverages, including liquor, and are satisfied that all such needs and requirements are well met by things as they now stand."

Thus it appears from all petitions and remonstrances filed with the board that about 90% of signers who are opposed to granting the license reside in Fort Collins. They are opposed to the issuance of the license for the reason set forth in the petitions, that there is no *real necessity* for such license. Of those who reside within a radius of two miles of Hauf Brau forty-seven signed petitions opposing the issuance of the license, whereas petitioners presented evidence that three favored the issuance thereof.

The board, on July 31, 1958, entered its order denying the application; it made rather elaborate findings and, among other things, found that:

"* * * the desires of the inhabitants and the requirements of the neighborhood will be met by a denial of this application."

Petitioners, on August 13, 1958, proceeded pursuant to R.C.P., 106(a)(4), and sought review of the order of the board by the District Court of Larimer County.

On September 19, 1958, the intervenors, having been previously granted permission by the court to intervene, filed their amended answer to petitioners' petition, wherein among other matters they state:

"* * * Intervenors deny that said Board of County Commissioners is vested with any power or authority thereunder for the reason that said Chapter and Article, as written, and as interpreted by the Supreme Court of the State of Colorado, violates the Constitution of the United States, Fourteenth Amendment, and the Constitution of the State of Colorado in that the same denies to Intervenors and others equal protection of the laws

and constitutes an unlawful and arbitrary discrimination on the part of persons who are residents and inhabitants of certain political subdivisions of this State as against those who are residents and inhabitants of other political subdivisions, all without just cause."

On September 22, 1958, the board filed its answer and return and certified to the court a complete transcript of the proceedings had before the board, including the reporter's transcript of all testimony taken and all petitions, protests and other documentary evidence offered at said hearing. The board did not question the constitutionality of any of the statutes dealing with liquor.

On September 29, 1958, arguments were presented by counsel for petitioners, the board and the intervenors. At the close of the arguments the court entered an order:

"* * * the Court * * * not being sufficiently advised in the premises, doth take this cause under advisement."

From the record it appears that on November 6, 1958:

"* * * the Court being now fully advised in the premises, * * *" filed in the case a ninety-one page opinion, dedicated in large part to criticism of this court with respect to its opinions on a wide variety of subjects, with special emphasis on opinions dealing with intoxicating liquors.

In his opinion the trial judge came to the conclusion that the statutes authorizing the granting of licenses to sell liquor are unconstitutional. Two paragraphs of his findings give some clue to his reasoning:

"1. That, in operation, under the cases of Cloverleaf Kennel Club v. County Commissioners of Larimer County, supra [136 Colo. 441, 319 P. (2d) 487], and Geer v. Stathopulos, supra [135 Colo. 146, 309 P. (2d) 606], as a composite of both legislation and judicial interpretation and application, the provisions of C.R.S. 1953, 75-2-9, 75-2-7, and 75-1-5 (3) above quoted are unconstitutional.

* * *

"3. That, although the judicial decisions effectuating

the composite result could be reversed and overruled on appeal herein and so leave the statutes constitutional, such a possibility is not a proper matter for this Court to now anticipate, but this Court must accept the law, and test it, as it is now found in operation. Wheeling Steel Corporation v. Glander, supra [337 U. S. 562]."

Following rendition of this opinion and on the same date the court entered its *DECREE*, wherein said ninety-one page opinion is made a part thereof by reference. The decree among other matters contains the following:

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that the review of the action of respondents in denying petitioners' application for a liquor license for the year 1958 is dismissed."

Petitioners are here by writ of error seeking review and reversal of the judgment and an order of this court directing the board to issue the requested license.

We find nothing in this record which requires or sanctions the issuance of the requested license.

■ The board is vested with the power and charged with the duty of ruling upon applications for liquor licenses — the only statutory guide (other statutory requirements having been met) for ruling on applications is that:

"Before granting any license all licensing authorities shall consider the reasonable requirements of the neighborhood, the desires of the inhabitants [of the neighborhood] as evidenced by petitions, remonstrances or otherwise * * *."

■ The above portion of the *statute* precludes the board from granting a license until it has given good faith consideration to such petitions and remonstrances. It in no way limits the board in giving proper consideration to other proof of the reasonable requirements of the neighborhood or the desires of the inhabitants thereof. Certainly it does not relieve applicants of the duty to prove, as stated in the statute, *a reasonable requirement*

for the proposed outlet, an essential prerequisite to the granting of a license.

Not one person has testified that the reasonable requirements of the neighborhood dictate or even sanction the issuance of the requested license. It is true, applicants desired to express their opinion that such an outlet was needed, but such opinion, not predicated on any fact, was properly rejected and not considered by the board. No facts were presented which would have justified the board in arriving at the conclusion that the reasonable requirements of the neighborhood called for the issuance of the license sought.

The board did not abuse its discretion in denying the application.

The findings and judgment of the trial court, holding as it does that all of the statutory provisions for the issuance of liquor licenses are now unconstitutional, cannot be sustained in the circumstances presented by this record.

This court has not held the statutes in question to be unconstitutional. Statutes as such are not unconstitutional. Actions taken pursuant thereto under certain circumstances may constitute an invasion of one's constitutional rights. Actions taken pursuant to the same statute under different circumstances may constitute no invasion of constitutional rights.

The finding of the trial court that the statutes of the state of Colorado governing the issuance of licenses for dispensing intoxicating liquors were in point of time (1) constitutional prior to our decisions in *Geer v. Stathopulos,* supra, and *Cloverleaf v. Board,* supra, (2) rendered unconstitutional by our decisions in the two above-mentioned cases, (3) now unconstitutional but to regain their former constitutional aspects when and if this court overrules and repudiates the two above-mentioned cases, has no basis of support in this record, and is wholly outside the issues the court was called upon to review.

Applicants were and are entitled to have denial of their application by the board reviewed. R.C.P., 106(a)(4), so provides, and failure of the trial court to comply with the rule and regularly determine the issues presented by the complaint and the return was error.

From the facts appearing in the record we conclude that the decision of the board in denying the application was correct.

The judgment is reversed and the cause remanded with directions to affirm the order of the board denying a license to petitioners and to dismiss the complaint.

MR. JUSTICE SUTTON not participating.