No. 18,983.

ERIN ENTERPRISES, INC. *v.* BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, ET AL., DR. J. W. BYERS, ET AL., INTERVENORS.

(359 P. [2d] 663)

Decided February 27, 1961.

Mr. RONALD H. STRAHLE, for plaintiff in error.

Mr. RALPH B. HARDEN, Mr. JOHN E. KOCHENBURGER, for defendants in error Board of County Commissioners.

Mr. WILLIAM H. ALLEN, Mr. WILLIAM C. STOVER, Mr. EUGENE E. MITCHELL, for Intervenors.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error appeared as petitioner in the trial court, wherein on August 5, 1958, it proceeded under R.C.P. 106 by petition to have reviewed the actions of the Board of County Commissioners of Larimer County in refusing to grant to it a license to sell packaged liquors.

We refer to the above-mentioned parties as the petitioner and the board.

From the record before us it appears that the problems presented here for review are essentially the same as those presented in *Hauf Brau v. Board of County Commissioners,* No. 18,985, this day decided, the decision therein being conclusive of the matters herein presented.

We shall briefly set forth differences and similarities in the two cases.

The proposed site of the Hauf Brau outlet was to be one mile east of Fort Collins; the proposed site of petitioner's operation is to be about two miles east of Fort Collins. In *Hauf Brau* petitions were presented containing the signatures of 234 persons who expressed their desire that Hauf Brau be granted a license. Petitioner here offered no such petitions; in fact, offered none.

Petitioner offered the testimony of one witness, presumably to show the needs of the neighborhood. The substance of this witness' testimony is that she does not drink but that she has relatives (not named) living in Fort Collins who do drink, and that they obtain their liquor in Denver, Wellington, or Loveland. This witness had previously applied for a license and her petition had

been denied. She expressed her intention to again apply, stating:

"I didn't have the right location, but, however that don't stop me."

Petitioner offered in evidence a ten-page report of George Baker, Secretary of State of the State of Colorado, which report (not a part of the record before us) presumably indicated the amount of various kinds of liquor consumed in Colorado during the year 1957. This report was objected to on the ground of being immaterial and was not admitted in evidence.

The evidence offered in opposition to the granting of the application was almost identical to that presented in *Hauf Brau v. Board,* supra. Two of the witnesses were the same; one witness who appeared in *Hauf Brau* did not appear in this case, but Dr. Morgan, President of Colorado State University, was called to fill in the gap. The same remonstrances, containing about 2000 signatures, presented in *Hauf Brau* were presented here.

The trial judge gave this case the identical treatment given *Hauf Brau* and entered an identical judgment.

From the record before us we find that this petitioner's position in seeking a license is, if anything, weaker, rather than stronger, than the position of *Hauf Brau.* The record contains no evidence of need or requirement for the proposed outlet, nor is there anything in the record to indicate that anyone, other than petitioner, desired that a license be issued.

For the reasons set forth in *Hauf Brau v. Board,* supra, which reasons are completely applicable to this case, the judgment of the trial court is reversed with directions to affirm the order of the board denying the application and to dismiss the complaint.

MR. JUSTICE SUTTON not participating.