No. 19,491.

ELIZABETH QUEDENS, ET AL. AS TRUSTEES OF TOWN OF
COMMERCE *v.* J. S. DILLON CO., D/B/A KING SOOPERS.
(360 P. [2d] 984)

Decided April 3, 1961.   Rehearing denied April 24, 1961.

Mr. ORREL A. DANIEL, Mr. LEONARD H. McCAIN, Mr.
EDWARD A. BROWN, for plaintiff in error.

Mr. WALTER F. SCHERER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

WE will refer to the plaintiffs in error as the Trustees
and to the defendant in error as the Applicant.

On August 15, 1959, applicant filed with the trustees
its application seeking a license to sell in packages fer-
mented malt beverage (3.2% beer only) at its super-

market located at 6399 Kearney Street, Commerce Town, Colorado.

On September 21, 1959, hearing was had on the petition, at which time applicant's attorney and its assistant manager appeared before the trustees. The assistant manager testified to the fact that more than 10,000 customers shop in their store each week and that they have about 100 requests per week for 3.2 beer. In support of its application petitioner tendered petitions bearing the signatures of 601 persons who described themselves as:

"* * * living in the neighborhood or doing business within the area of 6399 Kearney * * *," and who in the petition state that: "We * * * have no objections to and feel that this area is inadequately served and feel that the needs of the community be more adequately served by the issuance of * * * (3.2%) Beer License * * *."

Six persons appeared in person at the hearing and opposed the issuance of the license. One of these persons had a package store near the proposed outlet; another was the attorney for this person, and there can be no doubt that purely from a competitive standpoint they did not look with favor on a new outlet in the neighborhood. Petitions opposing the issuance of the license were presented. They contained the signatures of 203 persons representing themselves to be occupants or owners of property in the neighborhood of East 64th Avenue and Kearney Street and as opposed to the granting of the license for the reason that:

"* * * beer [alcoholic content not stated] is available at an existing liquor store in the shopping center and there are enough available outlets for sale of beer and other alcoholic beverages in the community without adding another one to meet the reasonable requirements of the neighborhood and the desire of the inhabitants * * *."

In denying the application, the trustees, among other things, found:

"(3) No one appeared in support of the application

except the Attorney for and the Assistant Manager of King Sooper.

\* \* \*

"(6) King Soopers Assistant Manager testified ·that more than 10,000 customers shop at their Commerce Town store each week and only about 100 customers a week request 3.2 beer, and that some of these 100 persons made the request several different weeks. There was no showing as to who these specific persons were. The alleged meager demand does not show any real demand for the product by the store's customers.

"(7) That it was shown by the evidence at the hearing the neighborhood is at present more than adequately served by 3.2 beer outlets."

Petitioners sought review by the County Court of Adams County under R.C.P., 106. On review that court entered its findings and judgment as follows:

"1. That the reasons assigned by respondents for the denial of petitioners application for a license to sell 3.2 beer at retail, are not supported by the evidence, do not constitute good cause and consequently are arbitrary, capricious and unreasonable.

"2. The opinion of the Court is supported by the following decisions of our Supreme Court, Geer v. Stathopulous 135 Colo. 146, Cloverleaf Kennel Club v. Commissioners, 137 Colo. 16, and Skaff v. Commissioners, Vol. 11 No. 18, Colo. Adv. Sheets.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that respondents forthwith issue to petitioner a license to sell 3.2 beer at retail."

The trustees are here by writ of error seeking reversal of the judgment of the trial court.

■ We have repeatedly held that the various licensing authorities have discretionary power in granting or denying licenses and their actions will not be disturbed on review unless arbitrary or capricious. The most recent pronouncement being *McIntosh v. Council of City of Littleton,* No. 19,317, decided March 6, 1961 — petition

for rehearing denied March 27, 1961, wherein many previous decisions of this court are referred to.

Certainly the trustees of Commerce Town, answerable as the governing body thereof, coming face to face with its daily problems, are better able to weigh and consider the evidence presented by witnesses, petitions and remonstrances than is a county judge in a neighboring city; or this court, even further removed from the affairs of this self-governing community.

We find nothing in this record to indicate that the action of the trustees in denying the license was arbitrary, capricious or unreasonable.

No doubt there are those who think that to meet the needs of a neighborhood and the desires of the inhabitants for exhilarating beverages, there must be an outlet on every street corner; others may feel that a single outlet on the planet Mars would be sufficient. Between these two extremes there is a vast middle ground in which the licensing authority may in its sound discretion grant or deny a license without being properly or lawfully charged with arbitrary, capricious or unreasonable acts or conduct.

From the record before us we conclude that the trustees were well within their discretionary powers in denying the license.

The judgment is reversed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.