64

No. 19,003.

HARRY B. YOUNG *v.* BOARD OF COUNTY COMMISSIONERS
OF LARIMER COUNTY, ET AL.
(362 P. [2d] 874)

Decided June 12, 1961.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for plaintiff
in error.

Mr. RALPH B. HARDEN, Mr. JOHN E. KOCHENBURGER, for
defendant in error Board of County Commissioners of
Larimer County.

Mr. WILLIAM H. ALLEN, Mr. WILLIAM C. STOVER, Mr.
EUGENE E. MITCHELL, for defendants in error Intervenors.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiff in error by name and to the defendants in error as the Commissioners.

Young made application to the Commissioners for a license to sell intoxicating liquor "by the package" at a location three blocks north of the city limits of Fort Collins. On denial of his application, Young sought review in the district court, which affirmed the action of the Commissioners. By this writ of error he seeks reversal of the judgment and the decision of the Commissioners.

The case is one of a series involving several applicants whose applications were denied by the Commissioners in closely connected hearings. Other actions recently in this court reviewing determinations of the same Board of County Commissioners, and involving similar *but by no means identical questions,* are: *The Hauf Brau v. County Commissioners,* 145 Colo. 522, 359 P. (2d) 659, and *Erin Enterprises, Inc. v. County Commissioners,* 145 Colo. 530, 359 P. (2d) 663, *Ladd's v. Board,* No. 19,002, 146 Colo. 366, 361 P. (2d) 627.

The differences and similarity in the cases are as follows: In the Hauf Brau case the proposed outlet was one mile east of Fort Collins, and in the Erin case about two miles east of Fort Collins. In both cases denial of the license was upheld. In the Ladd case the location was two miles north of Fort Collins, and in the circumstances disclosed, denial of the license was reversed. In the instant case, although the Young outlet at the time of the hearing before the Commissioners was three blocks north of the city limits of Fort Collins, it was noted in oral argument before this court that since the filing of the application the intervening three blocks had been annexed to the city of Fort Collins so that the proposed Young outlet, though still not within the annexed portion, is contiguous to the city limits of Fort Collins.

The petitions for the issuance of the Young license and the petitions and remonstrances against the license

are almost identical to those presented in the Erin and Hauf Brau cases. The petitions favoring the license contain the following language: "The undersigned respectfully request that the license application of Harry B. Young be granted." In the Hauf Brau case we find the following language apropos to this application:

"We have made a careful search of the record and find therein not one word offered in support of petitioners' application either by testimony, petitions, exhibits or otherwise, to the effect that the reasonable requirements of the neighborhood dictate the issuance of any license, additional or otherwise, for the sale of any intoxicating liquor in any form. On that very essential part of petitioners' case the record is silent. The record is also devoid of proof that the neighborhood, whether including Fort Collins or not, has any reasonable requirement for service that it does not now have. Lack of proof of the fact that the neighborhood is not adequately served precludes the issuance of a license. *Commissioners v. Salardino,* 136 Colo. 421, 318 P. (2d) 596."

One additional question is presented by this case which deserves comment. Young protests the consideration by the Commissioners of approximately 1700 signatures of residents of the city of Fort Collins. Fort Collins by local option election determined that that city remain "dry" and that no intoxicating beverages may be sold within the city limits. Admittedly the signatures were those who by conviction are opposed to the sale and consumption of alcoholic beverages in any form. As to these petitioners the County Commissioners entered the following findings:

"c. That the applicant on his petitions and his Exhibit 'C' has considered his neighborhood to extend approximately two miles north to the restaurant indicated on Exhibit 'C' at the address RFD 3, Box 776. The board finds that if the applicant believes the neighborhood of his outlet extends approximately two miles north, there is no substantial reason why that neighborhood does not

also extend two miles south of the proposed outlet, thereby including a substantial part of the city of Fort Collins.

"d. That the applicant himself solicited petitions from persons residing or doing business in the city of Fort Collins, again indicating to the board that the applicant considered at least a part of the city of Fort Collins to be within the neighborhood of his proposed outlet.

"It appears to this board that persons residing within the predominant area sought to be served by the applicant, namely, the city of Fort Collins, are the persons most likely to be affected by the granting of this license. Persons residing in Fort Collins who desire the granting of the license would be favorably affected by the granting of this license. Persons residing in Fort Collins who do not desire the granting of the license, whether influenced by dry sentiment, by moral conviction or otherwise would be adversely affected by the granting of the license. The board recognizes that some of the witnesses objecting to the granting of the license and some of the petitions against it were influenced by dry sentiment, by moral conviction and by other reasons which might have peculiar weight to the individual expressing his views against the granting of the license. Nonetheless, the board has considered the conclusions of persons residing in the neighborhood regardless of the reasons supporting the views expressed."

On the question of the neighborhood involved, we believe that the findings of the Commissioners are amply supported by the record. It appears that petitions obtained by Young contained the names of persons residing in Fort Collins although obtained at an establishment operated by Young in Wellington, Colorado, fourteen miles north of Fort Collins. Young testified at the hearing that his trade comes from Fort Collins and thus explained the presence of the signatures of Fort Collins residents. As to his contention that the Fort Collins remonstrances should not be considered as "in-

habitants of the neighborhood" and not expressing "the desires of the inhabitants of the neighborhood," we quote from *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703, where the court said:

"It will be observed that the statute refers to the 'desires of the inhabitants.' We are relieved of the necessity in this case of determining or deciding to what geographical section of the state 'the inhabitants' shall be limited. Likewise we are not called upon to determine what are the limits of a 'neighborhood' within the contemplation of the statute. *Both parties submitted petitions signed by residents and citizens of the city of Fort Collins,* the one against issuance of a license being signed by 422 residents and presented to the board; the other in favor of the issuance of the license being signed by several hundred of the residents and citizens of Fort Collins and immediate vicinity. Both parties insist that these petitions, filed with the court on the trial by the respective parties, should have been considered by the trial court and should be considered here. In the light of such a record neither party can reasonably object to this court's determination of the case on evidence as to the desires of the inhabitants within the same geographical limits, and which both parties contend was and is competent." (Emphasis supplied.)

Following the principle previously enunciated in the Van DeVegt case, it was said in *Board of County Commissioners v. Salardino,* 138 Colo. 66, 329 P. (2d) 629:

"It was incumbent upon the Applicant to show with some degree of clarity the area of the neighborhood *requiring* the service proposed to be rendered. This the Applicant failed to do and, having submitted petitions and letters signed by alleged *inhabitants of the neighborhood* who reside far from the proposed outlet, has greatly weakened the force of her claim that the Board 'abused its discretion' when it included in the neighborhood, as determined by it, portions of the areas from

which Applicant obtained and submitted signatures to be considered by the Board in passing on her application * * *."

In its finding the trial court observed:

"That there is evidence in the record of said hearing which amply justifies the ultimate conclusions and decisions of said Board; and that the Petitioner has failed to establish the averments contained in its petition and has failed to show any capricious or arbitrary exercise of discretion by the Respondents in considering and determining the application of the Petitioner for said license.

"The Court further finds, after careful review of the record and the findings of the Board of County Commissioners of Larimer County relating to said application, that the exercise of their discretion was with the utmost care and was correctly based upon the facts developed in the record."

Upon a careful review of the record before us, we find ourselves in complete agreement with this finding of the trial court. The judgment is therefore affirmed.

MR. JUSTICE DOYLE does not participate.