No. 19,719.

JENNIE E. DURAN *v.* GLEN RIGGS, ET AL., AS THE BOARD OF COUNTY COMMISSIONERS OF OTERO COUNTY.
(363 P. [2d] 656)

Decided July 24, 1961.

Mr. LEVI MARTINEZ, for plaintiff in error.

Mr. G. S. COSAND, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

BY writ of error plaintiff in error, who was plaintiff in the trial court, seeks reversal of a judgment of the trial court which approved the action of the Board of County Commissioners of Otero County (hereinafter referred to as the Board) wherein the Board denied plaintiff's application for a 3.2 beer license. Plaintiff's contention is that in denying her application the Board acted "contrary to the fact and the law" and that such action "was capricious, discriminatory, arbitrary and was an abuse of discretion."

In matters involving judicial review of action taken by a local liquor licensing authority in connection with an application to sell fermented malt beverages the applicable statute (C.R.S. '53, 75-1-7) provides that: " * * * Such court shall determine whether said refusal was arbitrary and without good cause, and if so finding, then said court shall order the state and local licensing authorities to issue said license." Conversely, if it be judicially determined that the local liquor licensing authority did *not* act arbitrarily nor without good cause, then its decision should stand.

Upon hearing before the Board it was established that plaintiff owns and operates a public dance hall, commercially known as Mercury Hall but sometimes referred to in a more civic minded vein as the Community Service Center, situate on the outskirts of Rocky Ford. More specifically, the establishment is located about 120 feet outside the city limits on the northeast side of the town, in what is referred to as either Duran's Second Subdivision or Duran's Second Addition. On holidays and other special occasions, but not as a fixed or regular schedule, plaintiff has for several years held public dances in Mercury Hall, and by her application desires to be licensed to sell 3.2 beer by the drink to her dance patrons.

Seven persons appeared at the public hearing before the Board and spoke in favor of the issuance of the license. Eight personally appeared in opposition. Plaintiff also introduced in evidence a petition bearing the signatures of approximately 164 persons who favored the granting of the application. All but eight of these signers resided in Duran's Addition, which is within the city limits of Rocky Ford and lies immediately to the west of Duran's Second Subdivision. Protestants offered a petition containing the signatures of 76 persons who were opposed to the application, most of whom lived in Thomas Addition, which is outside of the city limits and immediately to the east of Duran's Second Subdivision. A letter from a registered nurse who favored the issuance of the license was received, as was a letter of protest from the Ministerial Alliance of Rocky Ford, and a similar letter of protest from the Catholic priest of the local parish. It was also established that within a few blocks (about three or four) from Duran's Addition were three other outlets for 3.2 beer.

With this record before it the Board of County Commissioners made detailed written findings, which read, in part, as follows: " * * * That those signing petitions for, or appearing in person for the granting of said ap-

plication, with the exception of 8 or 9 signers to a petition, lived in the Northeastern part of the town of Rocky Ford; that there were three outlets where beer could be purchased near this area. That there was a petition from residents in Thomas Addition, which adjoins Duran's Second Addition, protesting the granting of said license. That the greater number favoring the granting of the application lived within the city limits of Rocky Ford and the greater number opposing granting of the license lived in the fringe area outside Rocky Ford. Therefore, considering the reasonable requirements of the neighborhood to be served, which is that part of the City of Rocky Ford including Duran's Subdivision and a few blocks South and West of said Duran's Subdivision, and the fringe area adjacent to the Duran's Subdivision outside the City of Rocky Ford, and considering the wishes of the inhabitants of said area, be it further moved that the application of Jennie Duran for a license * * * be denied." This motion was seconded and adopted by a unanimous vote of the Board.

The foregoing recital should convince all, with the possible exception of the applicant herself, that the Board in denying this application did not act arbitrarily nor without good cause, but on the contrary acted well within the broad discretionary power conferred on it by the applicable statute. (C.R.S. '53, 75-1-5.) See *Quedens v. J. S. Dillon,* 146 Colo. 161, 360 P. (2d) 984; *McIntosh v. Littleton,* 145 Colo. 533, 360 P. (2d) 136; *Hauf Brau v. Board of County Commissioners,* 145 Colo. 522, 359 P. (2d) 659; and *Young v. Board of County Commissioners,* 147 Colo. 64, 362 P. (2d) 874.

Plaintiff's main assignment of error is that since there is no existing 3.2 outlet in Duran's Second Subdivision, nor indeed in Duran's Addition itself, that such fact alone compels the issuance of the license. This overlooks the fact that the Board in defining the neighborhood involved included therein not only the two sub-

divisions mentioned but also "a few blocks south and west of said Duran's Subdivision," wherein were located three existing 3.2 outlets, and also included in the neighborhood the fringe area adjacent to the two Duran Additions located outside the City of Rocky Ford. In thus defining the neighborhood to be affected, the Board did not act arbitrarily. On the contrary its acts were in all respects fair and reasonable. The applicable statute (C.R.S. 75-1-5) requires the local licensing authority to consider not only (1) the reasonable requirements of the neighborhood but also (2) the desires of its inhabitants. Neither is in itself controlling, but both must be considered together. In this regard see *Board of County Commissioners v. Salardino,* 138 Colo. 66, 329 P. (2d) 629, and *Hauf Brau v. Board of County Commissioners,* supra.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.