No. 20,045.

RAYMOND W. BAILEY, ET AL., d/b/a FARM FARE LOUNGE,
*v.* BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY,
ET AL.

(376 P. [2d] 519)

Decided November 19, 1962. Rehearing denied December 17, 1962.

Messrs. HOUTCHENS and HOUTCHENS, for plaintiffs in error.

Mr. WALTER F. SCHERER, Mr. SAMUEL TELEP, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

THIS writ of error is directed to a judgment of the trial court upholding the denial by the Weld County Commissioners of a hotel and restaurant liquor license sought by plaintiffs in error.

We refer to plaintiffs in error as applicants and to defendants in error as the board and objectors.

Applicants sought a liquor license for a restaurant located in the unincorporated town of Lucerne, a predominately rural community in Weld County. The site of the proposed outlet is approximately three miles north of Greeley and the same distance south of Eaton. After hearing at which testimony was taken and petitions and remonstrances received for consideration, the Board made specific findings of fact and adopted a resolution denying the application. The findings of the commission challenged in this writ of error are:

1. Presently existing outlets adequately meet the reasonable requirements of the neighborhood, and

2. Inhabitants of the immediate neighborhood are predominately opposed to granting the requested license.

Applicants sought review in the county court alleging the action of the board denying the license to be illegal, arbitrary, capricious, without good cause, contrary to the undisputed evidence, a gross abuse of discretion, and a denial of due process of law.

Thus is presented the familiarly repetitious question: Was the board's denial of the application arbitrary and capricious and an abuse of discretion? We answer the question in the negative.

The principles governing review in this case are established by numerous decisions of this court, beginning with *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703, from which there has been no departure, and which is extensively quoted and cited in many subsequent opinions. Therein is to be found the criteria for testing arbitrary and capricious exercise of discretion. The extent of the discretion vested in the local licensing authority is defined in *Gem Beverage Co. v. Geer,* 138

Colo. 420, 334 P. (2d) 744. See also *MacArthur v. Presto,* 122 Colo. 202, 221 P. (2d) 934.

All are adequately summed up in *Commissioners v. Salardino,* 138 Colo. 66, 329 P. (2d) 629, wherein it was said: "Another source of guidance for the Board in performing its duties as licensing authority are the numerous pronouncements of this court, not all of which are easy of reconciliation. However, three principles pervade all of our pertinent decisions: (1) the licensing authorities are vested with a very wide discretion; (2) all reasonable doubts as to the correctness of the Board's rulings are to be resolved in favor of the Board; (3) the determination of the Board will not be disturbed by the courts unless it appears that the Board has 'abused its discretion.' "

 The statutory terms "reasonable requirements of the neighborhood" and the "desires of its inhabitants" are discussed in *Duran v. Riggs,* 147 Colo. 278, 363 P. (2d) 656, where it is said: "* * * The applicable statute (C.R.S. 75-1-5) requires the local licensing authority to consider not only (1) the reasonable requirements of the neighborhood but also (2) the desires of its inhabitants. Neither is in itself controlling, but both must be considered together. [Citing Commissioners v. Salardino, supra; and Hauf Brau v. Board of County Commissioners, 145 Colo. 522, 359 P. (2d) 659]"

See also *Brentwood Liquors, Inc., v. Schooley,* 147 Colo. 324, 363 P. (2d) 670; *McIntosh v. Council of City of Littleton,* 145 Colo. 533, 360 P. (2d) 136.

In the light of the cases now fairly in harmony we find the facts supporting the decision of the Commissioners to be as follows:

 The general neighborhood was not precisely defined or limited by the applicants or the board, and the petitions and remonstrances indicate that the parties considered the neighborhood as including the city of Greeley. A substantial majority of those described as "prospective customers" of the proposed establishment

reside in Greeley, from whence come most of the petitions pro and con. The petitions were almost evenly divided with 500 in favor of granting the license and 400 thereof opposed. Merely being in "favor" does not show "need." There are *thirty-two* presently existing outlets in Rosedale and Garden City, incorporated municipalities contiguous to the southern boundary of Greeley. Five or six of these are approximately a mile and one half from the center of Greeley, hence much closer thereto than the proposed license location, which is approximately four miles to the north.

The petitions outside of Greeley, however, reveal that an almost four to one majority of the inhabitants of the town of Lucerne do not desire a liquor outlet in the community. Only twenty-seven inhabitants favored granting, whereas ninety-four residents opposed the application. Four witnesses — the two applicants, one of their employees, and the operator of a motel adjacent to the proposed location — all residents of Greeley and each, directly, indirectly or personally interested, favored granting the application. The testimony of such witnesses related generally to the desires of prospective patrons residing in Greeley and transients. Four inhabitants of Lucerne testified that they did not desire a liquor outlet in the community.

Careful consideration of the entire record, therefore, brings us to the conclusion that denial of the application was not unsupported by the record.

In many recent decisions involving the same issue on similar or comparable facts we have approved judgments affirming denials of liquor licenses. *Malouff v. Board,* 150 Colo. 11, 370 P. (2d) 161; *Duran v. Riggs,* supra; *Young v. Board,* 147 Colo. 64, 362 P. (2d) 874; *Holck v. McCaslin,* 146 Colo. 326, 361 P. (2d) 440; *Quedens v. Dillon,* 146 Colo. 161, 360 P. (2d) 984; *Hauf Brau v. Board,* 145 Colo. 522, 359 P. (2d) 659; *Erin Enterprises, Inc. v. Board,* 145 Colo. 530, 359 P. (2d) 663; *Heinz v. Bauer,* No. 20,194, decided October 22, 1962.

If it is necessary to distinguish *Ladd v. Commissioners,* 146 Colo. 366, 361 P. (2d) 627, let it be noted that there were no outlets within twelve to thirty-five miles from the proposed location or from Fort Collins; Ladd's was not in a township — unincorporated or otherwise — and no objection to the application was filed by neighbors immediately adjacent to the outlet where property and homes would be affected.

The trial court properly upheld the Board's denial of the subject license. Accordingly, the judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.