Mr. Justice Moore
delivered the opinion of the Court.
Defendants in error made application to the Board of County Commissioners of El Paso County for the issuance of a package liquor store license for premises located in the area abutting Colorado Springs on the south. The commissioners held a hearing, at the conclusion of which findings were entered as follows:
“1. It is the opinion of this licensing authority that the licenses already granted for the particular locality are adequate for the reasonable needs of the community.
“2. That the Commissioners have recently personally visited the community involved and made a personal inspection, and are of the opinion that the area is adequately served by existing outlets.
“3. That there was insufficient showing on the part of the applicants that an additional outlet was required to serve the needs of the community.”
For the foregoing reasons the application was denied by the Board. The evidence before the Board disclosed that there were six similar outlets existing in the general area of the proposed license location, one within a block, four within one-half mile, and one 1.4 miles therefrom. An additional outlet within the City of Colorado Springs was shown to be within four blocks of the proposed new location, together with four other outlets selling liquor by the drink.
Petitions for and against the granting of the license were presented to the Board. The persons who signed the petitions favoring the license were more numerous than those who signed protest petitions. Upon review of the action taken by the commissioners the county court reversed the licensing authority and ordered the license to issue as prayed in the application.
We have examined the entire record as made before the Board of County Commissioners and find an *310 abundance of evidence therein to sustain the findings made by the Board on which it denied the application. We :cannot say as a matter of law that there was' an abuse of discretion on the part of the Board in denying the application. It is clear .from the comments of the learned trial judge that if the responsibility for' the. exercise of discretion, .had. been his, the application-would have been granted; but the trial court is not the licensing authority. The record before us is such that had the application been either granted or denied, we would not interfere with the action of the Board. There is sufficient evidence to support a determination either way.
“We have repeatedly held that the various, licensing authorities have discretionary power in granting or denying licenses and their actions will not be disturbed on review unless arbitrary or capricious. * * * ” Quedens et al., v. J. S. Dillon Co., 146 Colo. 161, 360 P. (2d) 984.
The record in the instant case discloses a situation with reference to which reasonable minds might reach different conclusions. The action of the Board of County Commissioners cannot be adjudged arbitrary, capricious or unreasonable as a matter of law. The trial court erred in reaching a contrary conclusion. The Hauf Brau, et al., v. Board of County Commissioners, et al., 145 Colo. 522, 359 P. (2d) 659; Erin Enterprises v. Board of County Commissioners, et al., 145 Colo. 530, 359 P. (2d) 663.
The judgment is reversed and the cause remanded with directions to dismiss the action.