Opinion by
Mr. Justice McWilliams.
Timothy Ahern made application to the Board of County Commissioners of Adams County for a license to sell malt, vinous, and spirituous liquors containing more than 3.2% of alcohol by weight at retail in sealed *47 containers and not to be consumed on the premises, all pursuant to the provisions of C.R.S. ’53, 75-2. After full hearing the Board denied Ahern’s application, and as reason therefor found “that the area is adequately served by other existing outlets.”
Being dissatisfied with the action of the Board, Ahern sought judicial review of this administrative decision, contending that the finding by the Board that the reasonable requirements of the neighborhood wherein Ahern sought to locate were “adequately served by other existing outlets” was “in truth and in fact without basis and contrary to the evidence presented at the hearing” and that the action of the Board in denying his application was arbitrary, capricious and constituted an abuse of discretion.
The trial court agreed with Mr. Ahern, and by appropriate judgment directed the Board of County Commissioners to grant the application and issue the license. In so doing the trial court declared that the neighborhood was a “growing one,” hence “the mere fact that two outlets exist in the area is no reason for denying plaintiff’s application.” By the present writ of error the Board seeks reversal of this judgment.
The question posed is whether this is an instance where the local licensing authority abused its discretion and made a finding completely unsupported by the record or, on the contrary, is one where there is adequate evidence to support the finding of the Board, but the trial court simply fell into the judicial pitfall of substituting its judgment for that of the administrative agency on a disputed and debatable issue of fact. We conclude the instant case is of the latter type.
The record reveals that there were two existing package liquor stores, each duly licensed and in full-scale operation, within relatively close proximity to Ahern’s proposed location. One such store was about 250 yards from where Ahern proposed to set up shop, and the *48 second, about eight blocks away. The neighborhood was not a particularly densely populated area, but was described as a “mixed urban and farming community.” One of Ahern’s own witnesses, in response to the direct question as to whether there was a “definite need within this community for another package liquor store,” candidly conceded that she didn’t think there was any “definite need, but I think it’s awful nice.” Another of Ahern’s witnesses testified that he supposed “we are being adequately taken care of, but we always need another one.”
Several persons appeared at the hearing and testified in opposition to the issuance of the license, stating that the reasonable requirements of the neighborhood were already adequately served by the existing outlets. Petitions to the same effect and signed by several hundred persons were also presented. We recognize, of course, that there was considerable evidence to the contrary. In fact the present record reveals the quite typical tug-of-war situation so prevalent in this type of administrative hearing. The applicant, his lessor, a few of the applicant’s friends, and a paid circulator of petitions, armed with the fruits of his labor, all testified in favor of the application. In opposition appeared those already holding a license of the type sought, a few of their friends, and another paid circulator of petitions, with his petitions in hand.
Without unduly prolonging this opinion, we believe, however, that the foregoing recital amply demonstrates that the Board did not act in a high-handed or arbitrary manner in denying Ahern’s application. There is evidence to support its finding that the reasonable requirements of the neighborhood were being adequately served by existing outlets, and in adjudging to the contrary the trial court was in error. See McIntosh v. City Council of Littleton, 145 Colo. 533, 360 P. (2d) 136; Hauf Brau v. Board of County Commissioners, 145 Colo. *49 522, 359 P. (2d) 659; and Quedens v. J. S. Dillon, 146 Colo. 161, 360 P. (2d) 984.
The judgment is reversed.
Mr Chief Justice Frantz and Mr. Justice Hall concur.