Opinion by
Mr. Chief Justice McWilliams.
Pursuant to C.R.S. ’53, 75-2, the AWR Corporation filed an application with the Board of County Commissioners of Morgan County, hereinafter referred to as the Board, for a license to sell packaged liquor at retail.
*512 Upon hearing the Board denied the application, finding among other things, “that there was no evidence that the area is not adequately supplied nor was there sufficient evidence presented that the reasonable requirements of the neighborhood or the desires of the inhabitants are such that there is a need for an additional outlet to properly serve the neighborhood.”
In thus holding the Board specifically noted that “approximately seventy-five percent of the people residing in the neighborhood within a radius of two miles” from the proposed location signed petitions wherein the Board was “respectfully requested” to deny the application on the ground that the reasonable requirements of the affected area are met by existing outlets and for the additional reason that the signers thereof did not desire the granting of the application but were opposed to it.
By “Petition in Certiorari” applicant sought and obtained judicial review of the action of the Board, which culminated in a judgment approving and affirming the order denying the application. By writ of error ÁWR now seeks reversal of that judgment and an order directing the Board to grant the application and issue the license, contending generally that the Board acted arbitrarily, capriciously and without good cause in denying the application.
In our considered view resolution of the present controversy is governed by Bailey v. Board of County Commissioners, 151 Colo. 115, 376 P. (2d) 519, where this Court on review approved the denial of an application for a liquor license by a Board of County Commissioners in a factual setting strikingly parallel to that of the instant case.
Here, AWR sought a license to sell packaged liquor at a proposed location situate approximately six tenths of a mile east of Fort Morgan on Highway 6 and 34 which runs in an east-west direction. Fort Morgan is *513 a home rule city and by local option it has banned the sale of intoxicating liquor in any form within the city’s limits. There is an existing packaged liquor outlet located approximately 4 miles west of AWR’s proposed location, this outlet being just outside the west boundary of Fort Morgan. Some 9 miles east of the applicant’s proposed site there are several more packaged liquor outlets.
AWR offered petitions bearing the signatures of some 1236 “neighbors” who favored the issuance of the license, and protestants in turn produced the signatures of 1327 persons who were opposed to any additional liquor outlet in this area. Many of these signatories resided in Fort Morgan, which as has been noted above is “dry” by local option. However, two of the several petitions offered by those opposing the issuance of the license were limited to persons residing within a two mile radius of the proposed location and these formed the basis for the finding by the Board that 75% of those residing in the “immediate” neighborhood did not desire this outlet in their area.
In the Bailey case the salient facts were as follows:
1. applicant’s proposed location was situate some three miles north of Greeley, a city which by local option was “dry”; .
2. the nearest existing outlets were located south of Greeley;
3. “the petitions were almost evenly divided with 500 in favor of granting the license and 400 thereof opposed”; and
4. “the petitions outside of Greeley, however, reveal that an almost four to one majority of the inhabitants of the town of Lucerne [an unincorporated town which was the situs of the proposed outlet] do not desire a liquor outlet in the community.”
Need any more be said to demonstrate that the instant case - is for practical purposes on all fours with the *514 Bailey case? We do not deem it necessary to belabor the obvious. Hence the judgment is affirmed.
Mr. Justice Moore and Mr. Justice Pringle concur.