## No. 21311.

HERMAN G. HOWARD *v.* MILLER H. EWING, ELMER L.
SHULTZ, AND TOM REED, BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD.

(416 P.2d 367)

Decided July 18, 1966.

Plaintiff in error, pro se.

SAMUEL S. TELEP, for defendants in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the court.

HERMAN G. HOWARD filed an application with the Board of County Commissioners of Weld County for a license to sell, at retail, packaged liquor. His application having been denied by the County Commissioners, Howard next sought relief in the courts. However, the district court of Weld County upon its review of the matter upheld the action of the County Commissioners. By writ of error Howard now seeks reversal of this judgment.

■ The County Commissioners denied Howard's application on the ground, among others, that the applicant had failed to show that the reasonable requirements of the affected neighborhood were not already being met by existing outlets located near, though outside, the neighborhood and for the further reason that the applicant had failed to show that it was the "desire" of those residing in the neighborhood that the application be granted. Howard's position in this court is that the County Commissioners abused its discretionary powers in so finding and that on the basis of the record before it the County Commissioners had the "absolute duty" to grant his application. With this contention we are not in accord.

■ In our considered view no good purpose would be served by even summarizing, let alone detailing, the evidence adduced at the hearing before the County Commissioners. Suffice it to say that we have reviewed the record before us with great care and are satisfied that the instant case is very securely rooted in that "vast middle ground" where the local licensing authority in its sound discretion could have either granted or denied Howard's application and in either event could not thereafter be properly or lawfully charged with any arbitrary, capricious, or unreasonable action.

■ Stated somewhat differently, whether this appli-

cation should have been granted is a matter upon which reasonable minds might well differ and such being the case the local licensing authority is not chargeable with any arbitrary or capricious action in its denial of the application. And in our review of a matter of this kind we are simply not at liberty to substitute our judgment for that of the local licensing authority. See *Quedens v. J. S. Dillon,* 146 Colo. 161, 360 P.2d 984 and *Big Top, Inc. v. Hoskinson,* 158 Colo. 400, 407 P.2d 26.

The judgment is affirmed.

Mr. Chief Justice Sutton not participating.