402

## No. 21895.

BOARD OF COUNTY COMMISSIONERS, OF THE COUNTY OF
ADAMS, STATE OF COLORADO *v*. AUSTIN THOMPSON.

(448 P.2d 639)

Decided December 9, 1968.    Rehearing denied January 13, 1969.

David Berger, Robert Gehler, for plaintiff in error.

Gerald M. Quiat and George Louis Creamer, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

The Board of County Commissioners of Adams County, referred to as the board, denied an application for a retail liquor store license made by the defendant in error, referred to as Thompson. In certiorari proceedings taken by Thompson, the district court found that the board had acted arbitrarily, capriciously, unreasonably and without just cause, and it ordered that the license be issued to Thompson. The board is here seeking reversal of that judgment.

The proposed location for the liquor store was in a shopping center, in which there was no liquor outlet. After the application was filed the board designated an area as the affected neighborhood. This area had an estimated population of 5,760 persons. The board's investigator went into the area to determine the feelings of the residents. He carried two petitions, one in favor of and the other opposed to the granting of the license, and persons contacted might sign either one. One hundred five signed the one in favor and ninety-five signed the one opposed, with sixty-two persons contacted remaining neutral. In addition, Thompson sub-

mitted a petition bearing sixty-seven signatures of individuals favoring the issuance of the license. The person circulating this petition testified that ninety percent of those contacted were in favor of the proposed liquor outlet.

At the board's hearing a number of persons testified in favor of and a number testified against the granting of the license. It developed that there were three retail liquor outlets in the designated area, one being six tenths of a mile from the proposed location and the other two being a mile or a mile and a half away. There were six more retail liquor stores just outside the prescribed area. Emphasis was placed upon the convenience of "one-stop" shopping at the shopping center.

On September 24, 1964, a week after the hearing, the board issued an order under which the application was denied and which specified the following grounds:

"1. That the applicant failed to show a need for additional package liquor stores in the neighborhood.

"2. That the desires of the inhabitants did not show a desire for the issuance of another package liquor license.

"3. That the Commissioners find and agree that the applicants location for a package liquor store is or would be a better business location because of the relationship with other retail businesses in the neighborhood, however, that this in itself does not establish the fact that the needs are now adequately served by the existing package liquor licenses in the neighborhood."

At the hearing before the district court it was stipulated that on May 4, 1965 the board had granted a retail liquor store license to one Scott. This was just inside or just outside one of the boundaries of the area involved.

The district court made numerous and rather lengthy findings, some of which are to the following effect; That the area fixed by the board was "just picked out of the air somewhere"; that the evidence disclosed that the desires of the neighborhood were in favor of grant-

ing the license; that Thompson sustained his burden of proof and made out a prima facie case as to the needs and desires of the neighborhood and showed that the reasonable requirements of the neighborhood were not being served; and that the liquor outlets in the area were not described sufficiently to form a basis for a finding that these outlets adequately served the area.

The record does not support the trial court's finding to the effect that the board abused its discretion with respect to the area it selected. Apparently, the court availed itself of knowledge of its own concerning the neighborhood. Also, Thompson made no objection as to the designated area and accepted it.

The Scott license was at a location on the fringe of the area. The mere fact that the license was granted at that location, without information as to the showing made to the board, would not be the basis for a finding of an abuse of discretion as to Thompson. Therefore, it is not necessary for us to express an opinion as to whether an act of the board *subsequent* to the Thompson hearing properly can be considered by a court on certiorari; and, as counsel have not discussed this particular point, we do not do so.

While the board's findings are far from a model and leave much to be desired, we nevertheless rule that they are sufficient. It appears from the findings and the record that the board considered the matters enumerated in C.R.S. 1963, 75-2-9 (2) and 75-2-42 (2). While it was not a preponderance, there was sufficient evidence to support its findings. *Bailey v. Commissioners,* 151 Colo. 115, 376 P.2d 519. This being so, the only other ground for reversal of the action of the board would have to be predicated on a finding that it acted arbitrarily and capriciously.

We doubt that the board exercised the better part of wisdom and we probably would have issued the license were we the local licensing authority. But we are not the licensing authority, and neither we nor the

trial court can substitute ourselves for it. *Hicks v. Capra,* 160 Colo. 248, 416 P.2d 362; *Howard v. Ewing,* 160 Colo. 246, 416 P.2d 367. Under the circumstances, we cannot say that the board abused its discretion, and we hold that the trial court erred in so finding.

The judgment is reversed and the cause remanded with directions to sustain the findings and order of the board denying the application for the license.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.