**Nos. 28489 and 28490**

JRM, Inc., a Colorado corporation, d/b/a Joy of Life v. Board of County Commissioners of Adams County, et al.; JRS, Inc., a Colorado corporation, d/b/a Eve's Fig Leaf v. Board of County Commissioners of Adams County, et al.

(615 P.2d 31)

Decided August 18, 1980.

No appearance for plaintiffs-appellees.

S. Morris Lubow, County Attorney, John E. Bush, Jr., Assistant, for defendants-appellants.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

JRM, Inc., d/b/a Joy of Life, and JRS, Inc., d/b/a Eve's Fig Leaf, who operated massage parlors, applied to the Board of County Commissioners of Adams County for a massage parlor license. Licenses were denied to both applicants. The applicants sought a declaratory judgment and certiorari review in the district court.

The district court held that the Colorado Massage Parlor Code (Code) was constitutional, but declared that the regulations adopted by the Board of County Commissioners, pursuant to section 12-48.5-118, C.R.S. 1973 (now in 1978 Repl. Vol. 5), denied the applicants due process of law. The County Commissioners were ordered to adopt new regulations and to grant the applicants a new hearing. We reverse.

Section 12-48.5-118 provides:

"This article is intended to provide minimum standards for the licensing of massage parlors. Nothing in this article shall prohibit a local government from enacting an ordinance or resolution providing more stringent standards for such licensing, but such ordinance shall meet the minimum standards established by this article."

The County Commissioners adopted regulations establishing fees, location of massage parlors, requirements that employees possess identity cards, and restrictions on the transfer of a license. In declaring the regulations to be unconstitutional, the district court concluded that the Board of County Commissioners utilized more stringent standards than were required by the Code. None of the regulations were more stringent than the Code.

The Code requires that the licensing authority examine an applicant's character before granting a license. Section 12-48.5-108(1)(e), C.R.S. 1973 (now in 1978 Repl. Vol. 5). In making this examination, the Board of County Commissioners is not restricted to inquiring into prior

felony convictions. *See R & F Enterprises v. Board of County Commissioners*, 199 Colo. 137, 606 P.2d 64 (1979). The district court incorrectly relied on section 24-5-101, C.R.S. 1973, which limits denial of a license solely on the basis of a felony conviction, but does not prohibit denial for other conduct which would establish the absence of good moral character. Here, consideration by the Board of County Commissioners of evidence of sex acts and nudity in the operation of massage parlors by the applicants was proper and could be considered.

Moreover, the procedures established by the Board of County Commissioners to determine the reasonable requirements of the neighborhood were consistent with section 12-48.5-104(4), C.R.S. 1973 (now in 1978 Repl. Vol. 5). The district court erred in declaring the regulations to be unconstitutional.

Accordingly, we reverse and remand with directions to determine whether sufficient evidence is in the record to support the denial of a license and for further proceedings consistent with this opinion. *Board of County Commissioners v. Thompson*, 167 Colo. 402, 448 P.2d 639 (1968).