No. 16,724.

PAGE ET AL. *v.* BLUNT ET AL.
(248 P. [2d] 1074)

Decided September 29, 1952.

Messrs. JOHNSON & ROBERTSON, for plaintiffs in error.

Mr. F. T. HENRY, Mr. LOUIS JOHNSON, for defendants in error Mayor and Members of the City Council.

Mr. WILLIAM A. BAKER, for defendant in error V.F.W. 101 Club.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action in the nature of certiorari, whereby it appears, in separating the kernels of wheat from the bushels of chaff, that plaintiffs seek review and reversal of the action of the city council of the City of Colorado Springs in granting a liquor license to Veterans of Foreign Wars, 101 Club, on the grounds: 1. That defendant Ackerman, one of the council members, was an officer of the bank which had loaned money to defendant club and had financial interest which disqualified him and avoided the action of the council; 2. That the council had prejudged the issue without notice to protestants by amending the city zoning resolution prohibiting the sale of liquor in residence zones so as to permit such sale by membership clubs; and 3. That the council, in granting the license, abused its discretion in that it did not consider the requirements of the neighborhood or the de-

sires of the inhabitants as required by the applicable statute.

Defendants challenge plaintiffs' right to prosecute the action, first, because the statutes do not provide for review by third persons of the issuance of licenses; and, second, because the license expired and the issue became moot, prior to decision by this court.

The trial court, upon filing of the complaint, issued order to show cause; thereupon, the records of the city council proceedings were duly certified up and, thereafter, upon hearing and argument, the court refused to issue the writ.

■ Considering defendants' first contention, it is urged that plaintiffs cannot maintain their cause because they have failed to allege or show that they had no plain, speedy and adequate remedy at law, and, further, because the legislature, by failing to provide for a review by any person other than the applicant for a liquor license, indicated its intent that such application should be a matter between the local authority and the applicant only. Under our rules, it is not necessary to plead lack of adequate remedy at law. Our statute provides that in permitting change of location of place of business of a licensee, the "licensing authorities shall consider the reasonable requirements of the neighborhood to which the applicant seeks to change his location, the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise and all reasonable restrictions which are or may be placed upon the new district or districts by the council * * * ." Chapter 89, §17(h), '35 C.S.A. Under that statute the inhabitants of the neighborhood do have an interest and, where the licensing authority has acted without jurisdiction or greatly abused its discretion, such inhabitants are without adequate remedy save by proceeding in the nature of certiorari.

■ Defendants' second contention: That the issue would become moot before determination by this court,

has already been settled by us in *Van DeVegt v. Commissioners*, 98 Colo. 161, 55 P. (2d) 703, where like contention was made in suit in mandamus to compel the issuance of a license. We there said, "A case is not moot where interests of a public character are asserted under conditions that may be immediately repeated, merely because the time for a particular order has expired."

Having determined that plaintiffs may rightfully maintain their cause, we think it unnecessary to consider their first and second grounds of challenge, and confine ourselves to consideration solely of the question of abuse of discretion. We said in *Van DeVegt v. Commissioners, supra:* "Capricious or arbitrary exercise of discretion by an administrative board can arise in only three ways, namely: (a) By neglecting or refusing to use reasonable diligence and care to procure such evidence as it is by law authorized to consider in exercising the discretion vested in it. (b) By failing to give candid and honest consideration of the evidence before it on which it is authorized to act in exercising its discretion. (c) By exercising its discretion in such manner after a consideration of evidence before it as clearly to indicate that its action is based on conclusions from the evidence such that reasonable men fairly and honestly considering the evidence must reach contrary conclusions. 'The intendment of a law which grants discretionary power to licensing officers, whether expressly or by necessary implication, is that the discretionary decision shall be the outcome of examination and consideration; in other words, that it shall constitute a discharge of official duty, and not a mere expression of personal will.' 19 R.C.L. 968, §265."

In the situation before us, both petitioners and protestants were represented by counsel, to whom the members of the city council might properly leave the duty of procuring evidence properly to be considered in exercising the discretion vested in it. So far as shown, it did not fail to receive or consider the evidence upon

which it was authorized to act. The question here involved resolves itself into that of whether upon consideration of the evidence the action of the council in granting the license is based on conclusions such that reasonable men fairly and honestly considering the evidence must reach contrary conclusions. The presumption is in favor of the decision of the council. Any reasonable doubt must be resolved in its favor. As we held in *McArthur v. Presto*, 122 Colo. 202, 221 P. (2d) 934: Under the provisions of the statute, before granting a license, the licensing authority shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise. In that case, notwithstanding the express desires of the inhabitants, we upheld the denial of a license upon the ground that the evidence disclosed such an abundance of licenses issued for premises within a short distance from the location for which license was sought that there was substantial support of the decision of the licensing authority in denying the license and we held that his action was not arbitrary. In the case before us, our attention is not called to any evidence whatever as to any requirement of the neighborhood for the issuance of a liquor license. Particularly in view of the fact that the place for which the license was sought is situate in an established and zoned residence district, and that petitioners deliberately and voluntarily selected the location and moved from the former site for which its license was issued, we think the burden was on them to establish such need, and no evidence whatever is disclosed to satisfy that burden.

The next question requiring determination by the statute, is that of the desires of the inhabitants, as evidenced by petitions, remonstrances or otherwise. Such desires here were shown by twenty-six letters of protest against the transfer, and petitions in protest signed by 305 property owners and residents within the residence zone, including two thirds of all the known owners and

residents within a three-block area, and 76 per cent of all known owners and residents within the area of one block immediately adjacent to the club. No petitions or other showing in favor of the transfer appears to have been received from any residents of the neighborhood. Counsel for defendants state in their brief that, "at the conclusion of the hearing, applicant. requested all of those in the council chambers who were in favor of the granting of the transfer of the license to rise, and approximately half of the people present did so." This statement is not supported by any reference to the record and there is no suggestion that any of those present resided within the neighborhood or had any concern with the issuance of the license. The only other evidence brought to our attention as supporting the desires of the residents consists of letters from organizations purportedly endorsing the application for transfer. These letters recited endorsement of the application for transfer adopted at a meeting of the governing board and trustees of the Elks Club; endorsement adopted at a meeting of the board of directors of the American Legion Building Association; also by the Commander of D.A.V. Knob Hill No. 26, reciting that it was the concensus of opinion of their members; by the Grand Knight and chairman of the board of trustees of the Knights of Columbus, Colorado Springs Council No. 583, reciting that its trustees endorse the application; by the trustees of the Pikes Peak Aerie, No. 143, F.O.E., reciting that at a board of trustees meeting it was unanimously in favor of the transfer, and by the commander of V.F.W. Post 4051, requesting transfer of the license in behalf of said organization. None of these letters has any probative value whatever, as there is no showing that any was written by authority of the members of the several organizations and there is no showing that even the officers or board members approving the resolutions were residents or inhabitants of the neighborhood, or even of the city. Our attention is called to a letter presented from the chief of police of the

city, stating that the club had been conducted in a most excellent manner and without complaint for three years and that he had no objection to the transfer of the license. But that letter makes no showing as to desires of the inhabitants. The place of residence of the chief of police does not appear. The city council was required to consider two things: (1) The requirement of the neighborhood; and (2), the desires of the inhabitants. In granting the license, it acted contrary to the desires of the inhabitants, as undisputedly shown by the record, and it acted without any evidence or showing whatever as to the needs of the community. The showing as to the one issue was conclusive and, as to the other issue, there was no showing whatever. Neither issue as presented gave opportunity for discretion. We can only conclude that the action taken by the city council was "based on conclusions from the evidence such that reasonable men fairly and honestly considering it must have reached contrary conclusions," and that the discretionary decision was not the outcome of impartial examination and consideration, but a mere expression of personal will. Therefore, as a matter of law, such action was capricious and arbitrary; plaintiffs' action was well grounded, and the application for license should have been denied.

The judgment is reversed.

MR. JUSTICE CLARK and MR. JUSTICE KNAUSS do not participate.