No. 19,317.

Louis McIntosh, etc. v. Council of the
City of Littleton.
(360 P. [2d] 136)

Decided March 6, 1961.   Rehearing denied March 27, 1961.

Mr. Richard N. Graham, for plaintiff in error.

Mr. Alan L. Sternberg, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the
Court.

On March 31, 1959, plaintiff in error, who was plain-

tiff in the trial court and who will hereafter be referred to as plaintiff, filed pursuant to C.R.S. '53, 75-2-20, with the clerk of the City of Littleton his application for a license to sell malt, vinous and spirituous liquors in sealed containers (not to be consumed on the premises) in his drug store. Hearing on this application was held on April 28, 1959, at the conclusion of which the City Council denied the application.

On August 20, 1959, plaintiff sought review in the nature of certiorari in the District Court of Arapahoe County, generally alleging that the City Council in denying his application disregarded the evidence and the law and acted arbitrarily and capriciously. To this complaint was attached a transcript of the entire proceeding before the City Council, including the deliberations of the Council itself. The Council in its answer essentially denied the allegations in the complaint and also tendered to the court its records.

On September 30, 1959, upon hearing the trial court dismissed the petition with the finding "that the evidence before the defendant City Council herein, concerning the close proximity of a similar type of liquor outlet, amply supports the denial of the application herein, considering the wide discretion which the local licensing authority has * * *."

Plaintiff seeks reversal by writ of error.

At the hearing before City Council, plaintiff in support of his application offered the following: (1) a petition bearing 499 signatures requesting that the City Council grant plaintiff a license to sell malt, vinous and spirituous liquors in sealed containers; (2) the testimony of plaintiff outlining his past business experience in the drug and liquor business and stating that the customers of his drug store had on occasion made requests to buy liquor and that one of his petitions consisted of the signatures of such customers; plaintiff also testified that there are five existing establishments in Littleton licensed to sell package liquor, one of which is situate

next to his drug store, and he further announced his intention, if granted a license, to buy the inventory of one of the five holders of a package liquor license, who in turn would then surrender his license; and (3) the testimony of one Hagerty, who stated that he was the holder of a license to sell package liquor in his drug store also located in Littleton, and that if plaintiff were granted a license he intended to sell his inventory to plaintiff and thereupon surrender his license.

A letter of protest was read into the record, the basis thereof being that plaintiff's drug store was frequented by junior high school students and the protestant felt the license should not be granted.

The only other matter of an evidentiary nature before the City Council was a statement by counsel for the package liquor store located next to plaintiff's drug store, who frankly stated that his client was "in an embarrassing position" in asking that the application be denied in that under the circumstances it would appear that the only reason for his protest was his innate aversion to additional competition. However, he was able to overcome this initial embarrassment and his counsel flatly requested that plaintiff's application be denied on the ground that the needs and reasonable requirements of the neighborhood were being served by the existing outlets. It was also noted that a Safeway Store, located in the same shopping center as plaintiff, had a 3.2 beer license, which to some extent alleviated the thirst requirements of the community.

With this record before it the City Council by a 4-1 vote denied the application, and although the record simply records the vote of the individual councilmen without explanation, the transcript does contain the verbatim discussion of the Council prior to the formal vote, which clearly shows that the reason for the denial was the belief that even though the desire of the neighborhood was that the license should issue, nonetheless the reasonable requirements of the neighborhood were ade-

quately met by the existing outlets. Particular emphasis was laid on the fact that there was an existing package liquor store next door to the applicant.

■ The ultimate issue is whether the Council abused its discretion in finding that the needs or reasonable requirements of the neighborhood were already sufficiently serviced by the existing package liquor outlets. We think the City Council in so finding did not act arbitrarily or capriciously, but well within the limits of its discretionary power. It can hardly be said, under the record as made, that the Council could not logically reach the conclusion that the reasonable requirements of the neighborhood for packaged liquor were being adequately serviced by the five existing outlets in Littleton proper, and that the needs of the immediate neighborhood were being met by the package store located next door to plaintiff's establishment.

■ Plaintiff attempts to bolster his position by emphasizing that his proposed outlet is a drug store, whereas his next door neighbor's establishment is a package liquor store. He suggests that some of the drinking public are sensitive souls too timid to openly patronize a liquor store, but that this same type of person would have no hesitancy in publicly purchasing the same product in the rear of plaintiff's drug store. To some prospective purchasers this may be a perplexing problem, but one which must remain unsolved under our licensing laws, they not being designed to afford a means by which the timid or reluctant may obtain their spirits without the possibility of incidental embarrassment. The merchandise which plaintiff seeks to sell is identical with that already being sold by his next door neighbor. There is nothing in this record to show that demands or requirements of the neighborhood are such that one must stand in line to be served by the existing outlet next door to plaintiff.

In support of the proposition that lack of proof of the fact that the neighborhood is not adequately served pre-

cludes the issuance of a license see *The Hauf Brau v. Board of County Commissioners of Larimer County* and *Erin Enterprises, Inc. v. Board of County Commissioners,* Nos. 18,985 and 18,983, decided February 27, 1961; *Commissioners v. Salardino,* 136 Colo. 421, 318 P. (2d) 596; *Page v. Blunt,* 126 Colo. 324, 248 P. (2d) 1074; *Geer v. Susman,* 134 Colo. 6, 298 P. (2d) 948.

Plaintiff relies upon *Geer v. Stathopulos,* 135 Colo. 146, 309 P. (2d) 606, which held, inter alia, that the fact there were four other existing outlets in the neighborhood did not in and of itself justify the licensing authority in denying an application on the ground that the reasonable requirements of the neighborhood were already met. The instant case presents at least one additional and important fact not present in *Geer v. Stathopulos,* supra, namely that an existing package liquor outlet is situate immediately next door to applicant's location, and there is nothing in the record to indicate that the existing outlet does not meet the reasonable requirements of the neighborhood. As has been noted, this fact was strongly emphasized by the Council in denying plaintiff's application. Such resolution was, under all circumstances, fair and reasonable, not arbitrary or capricious, hence not erroneous.

The judgment is affirmed.