*49 Opinion by
Mr. Justice Moore.
We will refer to plaintiffs in error as commissioners and to defendant in error by name.
Johnson applied to the commissioners as the liquor licensing authority in El Paso county for the issuance of a package liquor store license in premises serving the community known as Security, located about eight miles south of Colorado Springs. The commissioners denied the application and on review by certiorari the trial court reversed the commissioners holding that denial of Johnson’s application was arbitrary and capricious, and entered judgment ordering the license to issue.
At the hearing before the commissioners the usual petitions for and against the granting of the license were presented. Johnson presented one hundred signatures of residents of the area who favored granting the license. Petitions containing three hundred thirty-six signatures were presented in opposition to the granting of the license; two hundred fifty-five of which were on petitions which contained objections to the granting of a license to Johnson and also to another applicant in the Security Shopping Center. The reference to the latter applicant had been stricken by someone before the petitions were filed.
Counsel for Johnson strenuously objected to the admission of these altered petitions. With reference thereto the minutes of the commissioners contain the following:
“ * * * The Commissioners considered the motion of the attorney for the applicant to strike off remonstrances of inhabitants of the neighborhood and the motion was denied for the reason that under the wording of the petition it would appear that the signatures were opposed to both outlets and therefore would be opposed to either outlet, and the fact that the other applicant’s name is crossed off acts to the benefit of the petitioner rather than the detriment.”
Assuming, without deciding, that the two hundred *50 fifty-five signatures should have been stricken, there would still remain eighty-one persons who registered their objections to granting the license. The minutes of the commissioners also recite that, “The commissioners have recently personally visited the community involved and made a personal inspection. * * * ”
It is admitted that there is an existing package liquor store licensee doing business on the opposite side of the highway connecting Security with Colorado Springs. The trial court based its judgment on the conclusion that, as a matter of law, one package liquor store license is unable to meet the needs and requirements of a “neighborhood” which is made up of 10,000 people. This appears from the findings entered by the trial court as follows:
“That the area involved contains more than 10,000 people.
“That the one existing retail liquor license in this community of more than 10,000 people does not meet the reasonable needs and requirements of the neighborhood.
“That the Defendants herein arbitrarily exceeded their discretion in refusing to grant the application of the Plaintiff herein.”
In McIntosh v. The Council of the City of Littleton, 145 Colo. 533, 360 P. (2d) 136, it was held that the licensing authority, in finding that the needs or reasonable requirements of the neighborhood were already sufficiently serviced by existing package liquor outlets, did not abuse its discretion. It was there said, inter alia, “ * * * We think the City Council in so finding did not act arbitrarily or capriciously, but well within the limits of its discretionary power. * * * ” There a package liquor outlet was located next door to a drug store for which the applicant sought a license.
Here the width of the highway separates Johnson’s location from that of the existing licensee. There was no proof that the residents of the community are *51 being inadequately served by the existing outlet. From McIntosh v. The Council of the City of Littleton, supra, we quote further:
“ * * * The merchandise which plaintiff seeks to sell is identical with that already being sold by his next door neighbor. There is nothing in this record to show that demands or requirements of the neighborhood are such that one must stand in line to be served by the existing outlet next door to plaintiff.
“In support of the proposition that lack of proof of the fact that the neighborhood is not adequately served precludes the issuance of a license see the Haufbrau v. Board of County Commissioners of Larimer County, 145 Colo. 522, 359 P. (2d) 659, and Erin Enterprises, Inc. v. Board of County Commissioners, 145 Colo. 530, 359 P. (2d) 663, Commissioners v. Salardino, 136 Colo. 421, 318 P. (2d) 596; Page v. Blunt, 126 Colo. 324, 248 P. (2d) 1074; Geer v. Susman, 134 Colo. 6, 298 P. (2d) 948.”
The judgment is reversed and the cause remanded with directions to dismiss the action.
Mr. Justice Doyle and Mr. Justice McWilliams concur.