No. 19,706.

BRENTWOOD LIQUORS, INC. *v.* JOHN M. SCHOOLEY, MANAGER OF SAFETY AND EXCISE, ET AL.
(363 P. [2d] 670)

Decided July 24, 1961.

Mr. L. JOSEPH PITTROFF, Mr. JOSEPH G. STUDHOLME, Mr. L. PAUL WEADICK, for plaintiff in error.

Mr. DONALD E. KELLEY, City Attorney, Mr. THOMAS A. GILLIAM, Assistant, for defendant in error John M. Schooley.

Mr. HARRY E. FEDER, for intervenor and defendant in error Lorenze Bailey.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

WE will refer to plaintiff in error as Brentwood and to defendant in error as Schooley.

Brentwood sought the issuance to it of a package liquor store license within the City and County of Denver for a location known as 1961-C South Federal Boulevard in the Brentwood Shopping Center. This location lies on the west side of South Federal Boulevard and has one similar city licensed store four to five blocks to the north. The area in question is generally commercial in nature. Across Federal Boulevard to the east is Arapahoe County and within a three block area in this county are three more county licensed package liquor locations. They are at 2092, 2104 and 2428 South Federal Boulevard.

After a full hearing Schooley, under power vested in him, denied the license. Brentwood sought relief first in the district court where it was denied and now here by writ of error.

Brentwood urges two grounds for reversal:

1. Brentwood has fully complied with the provisions

of Chapter 75, Article 2, Colorado Revised Statutes, and the neighborhood sought to be served by it was not adequately served by other outlets, and the reasonable requirements of the neighborhood and the desire of the inhabitants thereof were such that a license should have been issued.

2. Schooley acted arbitrarily and capriciously in denying Brentwood's application for a retail liquor store license, and Brentwood has been denied due process of law.

The points made by Brentwood blend together and will be so considered. First it states that it had 723 signatures of persons requesting the license to issue as against 491 signers against — even after Schooley refused to consider 746 signatures secured from outside the area he designated as the neighborhood and after duplications and erroneous ones were stricken. Brentwood claims that it was arbitrary for Schooley to designate a six square block area within the city as the "neighborhood" when this did not conform with what Brentwood alleges is the true neighborhood which would encompass a much larger city residential area, many of whose inhabitants signed as in favor of the proposed license.

Brentwood also points out that forty-one letters were received by Schooley in favor of the license as against three opposed and that seventeen people testified for it and six against.

The gist of the evidence urged as determinative here is that the one location now in the city designated neighborhood was licensed before the area was built up with homes; that it is not "convenient" because of perennial parking problems, or because of the danger of crossing Federal Boulevard (which is a busy thoroughfare) for patrons to shop at the three stores across the street; that the issuance of a license within the Brentwood Shopping Center will enable purchasers to utilize it as a "family unit" or one stop place; and that there are more signers for the issuance of the license than are opposed. Brent-

wood thus claims that there can be no adverse effect, only a benefit to the neighborhood and that the license must issue under the authority of *Cloverleaf Kennel Club v. Board of County Commissioners* (1957), 136 Colo. 441, 319 P. (2d) 487, and *Geer v. Stathopulos* (1957), 135 Colo. 146, 309 P. (2d) 606. We do not agree.

In *Cloverleaf* letters and petitions from persons, as here, who were not inhabitants of the immediate area were held not to be proper for consideration as to the reasonable requirements of a neighborhood. In addition in that case no outlets existed in the neighborhood so it could not be said that its needs were already adequately met. This is an entirely different situation. Though Schooley has no jurisdiction over areas outside of the City and County of Denver clearly, in order to determine whether "the reasonable requirements of the neighborhood" are being met, he cannot close his eyes to existing outlets a figurative stone's throw away. This we cannot hold to be illegal or arbitrary or capricious as Brentwood urges. Nor can we say that Brentwood has been denied due process of law as it urges is the result of Schooley's actions in so doing.

In *Geer,* supra, the mere fact, without more, that there were already four outlets serving drinks in the neighborhood was held not to bar the issuance of a fifth license where it was shown that the needs of certain types of patrons were not being met. That again is a different fact situation than here.

Schooley, as the licensing authority, is charged under C.R.S. '53, 75-2-9, with not only considering the desires of the inhabitants but also the reasonable requirements of the neighborhood. See *McIntosh v. Council of the City of Littleton* (1961), 145 Colo. 533, 360 P. (2d) 136, and *Torrence v. Johnson* (1961), 147 Colo. 48, 362 P. (2d) 574, decided June 5, 1961. Though from this record we have no doubt that Brentwood proved the majority of those interested desired the license to issue and it undoubtedly would be a convenience to have such

328

a store within the shopping center where there is more adequate parking and one stop service, nevertheless it is also true that the physical facts could, and in the judgment of Schooley did, show that the present reasonable requirements of the neighborhood are being met. *Commissioners v. Salardino* (1958), 138 Colo. 66, 329 P. (2d) 629. This conclusion, under the record presented, not being arbitrary and not indicating an abuse of discretion, will not be disturbed.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.