No. 19,869.

JOHN M. SCHOOLEY, MANAGER OF SAFETY, ETC. *v.* ARTHUR E. HAMILTON.
(364 P. [2d] 584)

Decided September 5, 1961.

Mr. DONALD E. KELLEY, Mr. HORACE N. HAWKINS, JR., Mr. THOMAS A. GILLIAM, for plaintiff in error.

Mr. Don B. Oliver, Miss Lila I. Ludlam, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Defendant in error, hereinafter referred to as Hamilton, filed his application with plaintiff in error for the issuance of a hotel and restaurant liquor license for premises in the City and County of Denver. Plaintiff in error, hereinafter referred to as the Manager of Safety, held a hearing upon said application, at the conclusion of which the application was denied. The Manager of Safety entered findings which included the following:

"3. The applicant has operated restaurants serving Mexican food for a number of years at various locations. His most recent restaurant was located at 273 Broadway in the City and County of Denver, Colorado. After losing the lease to those premises, he purchased the building at 3233 Osage Street and undertook to remodel the premises to provide facilities for the operation of a Mexican restaurant at that location. Although there was a bar installed in the premises at the time of the purchase, the applicant stated that it was his desire only to serve alcoholic beverages from a service bar. Based on his past experiences in this business at other locations, the applicant believes that many persons desire to consume alcoholic beverages with Mexican food and that there is a need for a liquor license in such an establishment to satisfy the requests of the patrons. It is his belief that the business will be patronized primarily by people living outside of the designated area and by persons who have patronized establishments operated by the applicant for the past thirty years. He testified that there was a need for an additional hotel and restaurant liquor outlet in this area because the restaurant he intends to operate will be one of the largest Mexican restaurants in

the city, and it would 'bring more business to the North Side.' He stated further that there is no difficulty now in obtaining a drink in the twelve similar outlets existing ın the neighborhood. The neighborhood as designated is principally residential, although the block in which the building for which application was made is located in a B-4 zone."

"4. In support of the application, petitions bearing the signatures of 111 persons were offered. No petitions were offered in opposition thereto. The only witnesses appearing in favor of or in opposition to the application were the applicant and his son.

"5. City's Exhibit A-1 shows the existence and location of twelve hotel and restaurant liquor outlets in the neighborhood. In considering the existing outlets, it can readily be seen that a resident of the neighborhood could satisfy any desire he might have for food and drink at any one or more of those outlets. Some are establishments where the sale of liquor is the principal source of income. Others are establishments where the sale of food is the primary business. Almost any type of food, too, can be obtained in these outlets, including Mexican food, which is sold at Pino's located at 3356-58 Mariposa Street, approximately three blocks distant."

In review proceedings the district court entered the judgment which in pertinent part was as follows:

"That under the provisions of C.R.S. '53, 75-2-1, et seq., the action of the respondent in refusing to grant petitioner's application for a hotel and restaurant liquor license was arbitrary and without good cause. Therefore,

"IT IS THE JUDGMENT AND ORDER OF THIS COURT that the action of the respondent in denying petitioner's application for a hotel and restaurant liquor license is hereby reversed, and

"IT IS THE FURTHER JUDGMENT AND ORDER OF THIS COURT that respondent issue the hotel and restaurant liquor license applied for by the petitioner."

We find nothing in the record from which it can be

concluded that the action of the Manager of Safety in denying the application was an arbitrary or capricious exercise of discretionary power. The record discloses that there are twelve hotel and restaurant liquor outlets in the neighborhood, and that these outlets adequately serve the reasonable requirements thereof.

We think it sufficient to say that the cases chiefly relied upon by counsel for Hamilton, namely, *Cloverleaf Kennel Club v. Commissioners,* 136 Colo. 441, 319 P. (2d) 487; and *Geer v. Stathopulos,* 135 Colo. 146, 309 P. (2d) 606, are clearly distinguishable from the instant case upon the facts.

The facts involved in *MacArthur v. Bucklen,* 123 Colo. 41, 225 P. (2d) 58, are comparable to those involved in the instant case; there the action of the licensing authority denying the application was upheld by this court. In *MacArthur v. Presto,* 122 Colo. 202, 221 P. (2d) 934, this court, in upholding the denial of an application for a liquor license, said:

"The showing in the record of the existence of so many licensed restaurants and liquor stores in the vicinity is potent evidence to support the finding that the reasonable requirements of the neighborhood had been met and that the denial of a license was not capricious or arbitrary."

The trial court erred in holding that the Manager of Safety abused his discretion in the instant case. The judgment is accordingly reversed and the cause remanded with directions to enter judgment affirming the action of the Manager of Safety.

Mr. Justice Sutton and Mr. Justice Frantz concur.