No. 19,959.

JOHN M. SCHOOLEY, MANAGER OF SAFETY, ETC., *v.*
HAROLD B. STEINBERG.
(365 P. [2d] 245)

Decided October 9, 1961. Rehearing denied October 23, 1961.

Mr. ROBERT S. WHAM, City Attorney, Mr. HORACE N.
HAWKINS, JR., Deputy, Mr. THOMAS A. GILLIAM, Assist-
ant, for plaintiff in error.

Mr. MARTIN ZEROBNICK, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Hall.

The parties appear here in reverse order to their appearance in the trial court. We refer to them by name.

In the fall of 1960 Steinberg filed his application for a hotel and restaurant liquor license for the premises located at 4620 East Colfax Avenue. The location for which the license is sought is zoned for business along Colfax Avenue and to a depth of about one hundred and fifty feet to the north and south thereof. The remainder of the neighborhood is zoned and used for residential purposes. Proper notices were posted and hearing held on January 5, 1961.

At the hearing petitions bearing the signatures of six hundred and sixty persons who favored the granting of the license were presented and petitions bearing the signatures of five hundred and fifty persons who were opposed to the issuance of the license were presented. A few individuals appeared at the hearing — some urging that the license be granted, others urging that it be denied.

From the record it appears that there are three existing hotel and restaurant liquor licenses in the area designated as the neighborhood and, in addition, two others in close proximity thereto, which actually serve the neighborhood in which applicant intends to operate.

Schooley found that:

" * * * there is no need for the issuance of the license and that the reasonable requirements of the neighborhood residents for alcoholic beverages are met by the existing outlets." and thereupon denied the application.

Steinberg filed his complaint in the district court under Rule 106, R.C.P. Colo., seeking review and reversal of Schooley's findings and order.

On May 18, 1961, the trial court entered its JUDGMENT AND ORDER to the effect that:

" * * * under the provisions of C.R.S. '53, 75-2-1, et seq., the action of the defendant in refusing to grant

plaintiff's application for a hotel and restaurant liquor license was arbitrary and without good cause." and directed the issuance of the license.

Schooley is here by writ of error seeking reversal.

We find nothing arbitrary in Schooley's findings. Here we have three licensed outlets in an area six blocks square, and mostly residential.

 Recently we have reviewed many cases in which licenses have been refused where the needs of the neighborhood have been less adequately served than in the neighborhood involved here, and have held that findings of lack of need by the licensing authority in such cases, based upon a fair appraisal of the evidence, cannot be held arbitrary.

Complete answer to Steinberg's contentions can be found in the following recent decisions of this court: *Commissioners v. Salardino* (1958), 138 Colo. 66, 329 P. (2d) 629; *Hauf Brau v. Commissioners* (1961), 145 Colo. 522, 359 P. (2d) 659; *McIntosh v. Littleton* (1961), 145 Colo. 533, 360 P. (2d) 136; *Quedens v. J. S. Dillon & Sons* (1961), 146 Colo. 161, 360 P. (2d) 984; *Young v. Commissioners* (1961), 147 Colo. 64, 362 P. (2d) 874; *Erin Enterprises Inc. v. Commissioners* (1961), 145 Colo. 530, 359 P. (2d) 663; *Duran v. Riggs, et al.* (1961), 147 Colo. 278, 363 P. (2d) 656; *Brentwood Liquors v. Schooley* (1961), 147 Colo. 324, 363 P. (2d) 670; *Schooley v. Hamilton,* 147 Colo. 605, 364 P. (2d) 584.

The trial court erred in holding that the Manager of Safety abused his discretion in the instant case, and the judgment is accordingly reversed. The cause is remanded with directions to enter judgment sustaining the action of the Manager of Safety.

Mr. Justice Moore and Mr. Justice Sutton concur.