No. 19,700.

JOSEPH W. MALOUFF *v.* BOARD OF COUNTY
COMMISSIONERS OF RIO GRANDE COUNTY.
(370 P. [2d] 161)

Decided April 2, 1962.

Mr. GAIL F. OUREN, for plaintiff in error.

Mr. RICHARD L. BLOSS, JR., Mr. J. FRED SCHNEIDER, Mr.
RONALD LEE COOKE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

· WE will refer to plaintiff in error by name and to de-
fendant in error as the board.

The cause is here on writ of error to review a judgment of the trial court upholding denial of an application for a package liquor store license. Malouff applied to the board for a license to conduct a liquor outlet in Lariat, a community adjacent to the town of Monte Vista in Rio Grande county. In addition to the immediate area, Malouff contended that Sunnyside Addition to Monte Vista, which is contiguous to Lariat, would be served by granting the license.

The final judgment entered by the trial court included the following:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Judgment and Decree be amended and clarified to specifically provide that a motion for a new trial is dispensed with, and the same is hereby done;

"IT IS FURTHER ORDERED that the cost of the preparation of the transcript of hearing before the Board of County Commissioners in this cause shall be paid by the defendant, Rio Grande County Board of County Commissioners, upon presentation of bill for the same together with certified copy of this order to said Board of County Commissioners."

Questions to be Determined.

First. *Was the action of the board in denying Malouff's application an arbitrary or capricious exercise of discretion?*

■ This question is answered in the negative. It appears that 239 persons signed petitions favoring issuance of the license while 210 persons signed petitions in opposition thereto, about one-half of whom lived in Lariat or Sunnyside Addition. The record discloses that there are two package drugstore outlets, and two licensed establishments serving liquor by the drink, within one-half to three-fourths of a mile from the business establishment operated by Malouff.

We cannot say that under the facts and circumstances shown by the record before us there was any abuse of

discretion on the part of the board. The opinions of this court in *Brentwood Liquors, Inc., v. Schooley,* 147 Colo. 324, 363 P. (2d) 670, and *Schooley v. Steinberg,* 148 Colo. 222, 365 P. (2d) 245, and cases there cited, are applicable to the instant action.

Second. *Did the trial court err in assessing against the county the expense involved in preparing the transcript of the hearing before the board?*

This question is answered in the negative. Suffice it to say in this connection that the licensing authority is obligated in certiorari to forward the record to the reviewing tribunal. The expense thus involved is not taxable as costs.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.