Michael D. DOLLAGHAN, William W. Crowell, and John A. Hall, Plaintiffs–Appellees,

v.

COUNTY OF BOULDER, State of Colorado; Board of County Commissioners for Boulder County; and Josephine W. Heath, Herbert E. Smith, Jr., and Ronald K. Stewart, County Commissioners of Boulder County, Defendants–Appellants.

No. 85CA1570.

Colorado Court of Appeals, Div. II.

Nov. 5, 1987

Rehearing Denied Dec. 24, 1987.

Holley, Albertson & Polk, P.C., George A. Holley, Scott D. Albertson, James H. Foster, Golden, for plaintiffs-appellees.

William F. Nagel, Madeline J. Mason, Barbara T.A. Catalano, Boulder, for defendants-appellants.

VAN CISE, Judge.

In July 1985, claiming that its action was authorized by § 30–28–121, C.R.S. (now in 1986 Repl. Vol. 12A), defendant Board of County Commissioners for Boulder County (the county) adopted Resolution 85–87 temporarily rezoning 12% of the unincorporated area of Boulder County, including the properties of plaintiffs. In August 1985, plaintiffs filed this declaratory judgment action. In September 1985, the trial court entered a judgment declaring that the resolution was invalid because (1) the statute allows a county to adopt temporary regulations only prior to the first or original zoning plan and (2) the statute authorizes only temporary moratoria on building construction and no other form of temporary regulations. Challenging both grounds, defendants appeal. We agree with the trial court and affirm.

Initially, we note that, since Resolution 85–87 was effective for no more than six months following its date of enactment, this court at oral argument raised the issue of mootness. Counsel for both sides rejected this as a basis for disposition of this appeal, and we agree. As stated in *Page v. Blunt*, 126 Colo. 324, 248 P.2d 1074 (1952): "A case is not moot where interests of a

public character are asserted under conditions that may be immediately repeated, merely because the time for a particular order has expired." This is the case here.

■ "A county is a political subdivision of the state and, as such, possesses only those powers expressly granted by the constitution or delegated to it by statute." *Pennobscot, Inc. v. Board of County Commissioners*, 642 P.2d 915 (Colo.1982). There is no claim here of power pursuant to a constitutional grant. Therefore, the county's authority to enact temporary amendments to its zoning resolution without complying with the requirements for amendments set forth in § 30–28–116, C.R.S., "must be supported by a statutory delegation of power from the state in order to withstand judicial scrutiny." *Pennobscot, supra.*

■ The county cites the provisions of the temporary regulations statute, § 30–28–121, C.R.S. (1986 Repl.Vol. 12A), as the source of its authority to adopt the challenged resolution. We find that statute inapplicable here.

That statute provides:

The board of county commissioners of any county, after appointment of a county or district planning commission and *pending the adoption by such commission of a zoning plan*, where in the opinion of the board conditions require such action, may promulgate, by resolution without a public hearing, regulations of a temporary nature, to be effective for a limited period only and in any event not to exceed six months, *prohibiting or regulating* in any part or all of the unincorporated territory of the county or district *the erection, construction, reconstruction, or alteration of any building or structure* used or to be used for any business, residential, industrial, or commercial purpose." (emphasis supplied)

As stated by the trial court in its declaratory judgment: "[B]y its clear, unambiguous language ... [the statute] authorizes only temporary regulations which prohibit 'the erection, construction, reconstruction, or alteration' of buildings.... [T]here is no authority for that to be interpreted as a rezoning of property.... [R]ezoning is different and distinguishable from prohibitions or regulations of the construction of buildings ... Resolution 85–87 in attempting to accomplish rezoning through section 30–28–121 misreads the statute ... and goes beyond what would be proper under that section."

Also, by its plain language, § 30–28–121 applies only "pending the adoption by [the county planning] commission of a zoning plan." Resolution 85–87 is entitled: "A resolution ... temporarily amending the Boulder County Zoning Resolution and corresponding maps necessary to implement the Boulder County Comprehensive Plan." The county planning commission adopted and the board approved its "Comprehensive Plan" in 1978; its current zoning resolution was enacted in 1984. Therefore, since the adoption of a zoning plan is not pending, the statute is inapplicable to this rezoning resolution.

If we were to interpret § 30–28–121 as urged by the board, it would allow a circumvention (albeit temporary) of the strict procedural requirements for amending the general zoning resolution, including public hearing and proper and timely published notice of such hearing. *See* § 30–28–116, C.R.S. (1986 Repl.Vol. 12A). *See also Holly Development, Inc. v. Board of County Commissioners*, 140 Colo. 95, 342 P.2d 1032 (1959); *Webster Properties v. Board of County Commissioners*, 682 P.2d 506 (Colo.App.1984). This we decline to do.

Judgment affirmed.

SMITH and KELLY, JJ., concur.