## No. 18,295.

EARL K. HANNA, ET AL. *v.* ROBERT L. HENDERSON, ET AL.
(345 P. [2d] 384)

Decided October 26, 1959.

Mr. FREDERICK P. CRANSTON, Mr. L. JAMES ARTHUR, for plaintiffs in error.

Mr. GEORGE M. GRABER, for defendants in error Mayor and City Council of the City of Arvada.

Mr. HAROLD D. LUTZ, for defendants in error Henderson.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. John B. Barnard, Jr., for defendant in error George J. Baker, Secretary of State.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

We will refer to the plaintiffs in error as the protestants. Defendants in error were the Mayor and the individual members of the Arvada City Council; George
J. Baker, Secretary of State, and the Hendersons, successful applicants for license to dispense malt beverage
— 3.2 beer.

After hearing, the Secretary of State ordered the issuance of the license, and it was concurred in by the City
Council. By this writ of error protestants seek to reverse the action of the licensing authorities, affirmed by
the district court, in granting the license. Fourteen of
the protestants are residents of the area surrounding the
proposed beverage outlet. Three are pastors of religious
congregations of the city.

In considering this writ of error on the merits
we do not approve the record filed here. Like many presented in response to writ of certiorari, the contents are
deficient in that there is no transcript of the proceedings and no findings by the licensing authority. As was
said in *Buddy & Lloyd's Store No. 1, Inc. v. City Council,*
139 Colo. 152, 337 P. (2d) 389, it would be futile to remand the cause for findings because the evidence before
the licensing authorities could not support any other result than granting of the application.

This is the first license of this kind to be issued
in the city of Arvada. The remonstrances against the
issuance of the license were obtained from members of
the congregations of several churches in Arvada and
were signed by others than those in the defined neighborhood wherein the licensee's outlet is located. The

petition was supported by several hundred persons in the immediate neighborhood. Had the licensing authorities insisted on perpetuating a policy of blanket denial of applications for 3.2 malt beverage licenses, this court, as in the Buddy & Lloyd's case, would be compelled to hold such local public policy contrary to law. However, in the present instance the members of the City Council abandoned the local policy and approved this first license. The petitions supporting the application were sufficient to sustain the action of the licensing authorities, and there is nothing to indicate that the decision was arbitrary or capricious or otherwise such as to justify interference by the courts.

The judgment is affirmed.