No. 20559.

CARL S. SMITH *v.* THE BOARD OF COUNTY COMMISSIONERS
OF JEFFERSON COUNTY.
(394 P.2d 840)

Decided June 22, 1964.     Rehearing denied September 8, 1964.

Mr. JOHN E. BUSH, for plaintiff in error.

Messrs. BRADLEY, CAMPBELL, CARNEY and JOHNSON, for
defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court. We refer to the plaintiff in error as Smith and to the defendant in error as the Board.

In 1960 the Board had granted to Smith a retail liquor store license, authorizing him to sell liquor in sealed containers at the premises known as 9138 West Sixth Avenue in Lakewood, Colorado. These premises were a part of the Meadowlark Shopping Center and occupied by Smith pursuant to a lease from the shopping center.

In September 1962 the shopping center evicted Smith from the premises, whereupon Smith applied to the Board for authorization to move his license to 9250 West Sixth Avenue. This proposed new location is about one block from the shopping center location designated in his license.

Prior to hearing on Smith's application to move his license, one Weinstock leased the premises from which Smith had been evicted and made application to the Board for a retail liquor store license at that location.

The Board considered both applications at the same hearing.

At the hearing Smith presented a petition signed by 306 persons who represented themselves to be *residents of the neighborhood or frequent patrons of the Meadowlark Shopping Center*. He also presented a second petition signed by 303 persons who represented themselves to be *residents of the neighborhood of Smith's proposed new outlet*. All signers urged that the application of Smith be granted.

Also filed with the Board was a petition signed by eighty-three residents and property owners who objected to the proposed moving of Smith's license.

Testimony of three witnesses was taken. One favored and two opposed granting of authorization for moving Smith's license to the proposed new location.

At the hearing it was made to appear that the prem-

ises designated in Smith's application as 9250 West Sixth Avenue consisted of a vacant, unimproved lot.

Smith had contacted the owners of the lot and had made arrangements to possess the same in the event he received authorization to move his license.

Smith had plans drawn for a building to be constructed at the location, 9250 West Sixth Avenue, and had made arrangements for such construction on his receiving authority to move his license to that location.

The Board denied Smith's application. In so doing, it, among other things, found that no building exists at the proposed location and that the proposed location is in a primarily residential area.

The ruling of the Board was reviewed by the trial court and the Board's action affirmed.

Smith here seeks reversal, contending that the action of the Board was arbitrary and capricious and contrary to law.

We need not, and do not, pass on all reasons assigned by counsel for reversal or affirmance.

Had the Board granted the application it would be acting contrary to C.R.S. '53, 75-2-7:

"* * * Before granting any license for which application has been made, the state licensing authority or one or more of its inspectors shall visit and inspect the plant or property in which the applicant proposes to conduct his business, * * *."

There could be no visit to or inspection of a nonexistent plant or property. The statute provides that there must be such visit and inspection "before granting any license."

Smith could not operate without a license. He was not eligible for a license.

We note that the Forty-fourth General Assembly (subsequent to denial of Smith's application), at its first regular session, adopted legislation dealing with applications for liquor licenses where the building in which

the liquor to be sold, as here, is not in existence.  Session Laws 1963, Chapter 170, page 611.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.