Opinion by
Mr. Justice Frantz.
Cuchiaro applied to the Board of County Commissioners of El Paso County, Colorado, for a license to sell packaged, sealed liquor from premises to be constructed upon a then vacant lot. After hearing, his application was granted. Complaint was filed in the district court, where, after review of the proceedings before the Board of County Commissioners, the court entered judgment reversing the Board. This judgment is attacked here by writ of error.
Cuchiaro contends that the trial court erred in five respects. Since our decision must turn on the absence of a structure on the premises in which it was contemplated the business would be conducted, it becomes unnecessary to consider other asserted errors.
The applicant for the license in question advances the following argument as warranting the issuance of the license:
“It has been a universal policy for an applicant to *292 apply before the local board for approval of his application and submit plans for the establishment.
“Immediately upon approval by the local board, the applicant commences construction of his improvement to comply with the State inspection; the State Licensing Authority will not issue a license until the premises are inspected and approved.”
This Court had before it the question presented by this writ of error in Smith v. Board of County Commissioners of the County of Jefferson, 155 Colo. 175, 394 P.2d 840, where we held that C.R.S. ’53, 75-2-7, required that there must be an existing building, plant, or property subject to inspection before such a license could be issued. That holding is applicable to this case, since the controversy arose prior to the Session of the Forty-fourth General Assembly, which amended C.R.S. ’53, 75-2-7, by enacting C.R.S. 1963, 75-2-40 (3), allowing the applicant to submit plans, specifications, and an architect’s drawing of the proposed licensed premises.
Regarding the administrative policy upon which Cuchiaro relies, we need only point to Beery v. American Liberty Ins. Co., 150 Colo. 499, 375 P.2d 93, in which we disapproved an administrative policy that was not in accord with the law.
The judgment is, therefore, affirmed.
Mr. Justice. McWilliams and Mr. Justice Schauer concur.