No. 22054.

HOWARD W. HICKS, JR., MARGARET A. HICKS, L. B. AGERS, CAROL J. AGERS, EVELYN L. TILLY AND JAMES L. TILLY *v.* ALFRED L. CAPRA, MANAGER OF SAFETY AND EXCISE, CITY AND COUNTY OF DENVER, AND STATE OF COLORADO, AND HERMAN J. WINTER (INTERVENOR).

(416 P.2d 362)

Decided July 18, 1966.      Rehearing denied August 15, 1966.

Robert J. Flynn, for plaintiff in error.

Walter F. Scherer, for Intervenor, Herman J. Winter.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the court.

HERMAN J. WINTER filed an application with the Manager of Safety and Excise of the City and County of Denver for a hotel and restaurant liquor license, the proposed outlet to be in a shopping center located on East Hampden Avenue. Upon hearing the Manager granted Winter's application and thereafter the protestants sought and obtained judicial review of this administrative order. Upon such review the trial court upheld the action of the Manager granting Winter's application and by writ of error the protestants now seek reversal of that judgment.

■■ It is initially contended that in granting this liquor application the Manager abused his discretionary powers in determining that the applicant had sustained his burden of proof as concerns the "requirements" and "desires" of the neighborhood. We find no such abuse of discretion and in thus concluding we deem it unnecessary to burden this opinion with any lengthy recital of the many evidentiary matters before the manager. Suffice it to observe that the record discloses the usual tug-of-war between the applicant and those who signed petitions in his behalf and those persons — of whom there were many — who were quite definitely opposed to the granting of the application. Careful review of the record, however, has convinced us that this is but another case which is securely rooted in that "vast middle ground" described in *Quedens v. J. S. Dillon*, 146 Colo. 161, 360 P.2d 984. In other words, this is a matter upon which reasonable minds might well differ and, such being the case, the Manager is therefore not to be charged with any arbitrary or capricious action in his granting of the application. And in this circumstance we, as the reviewing court, are simply not at liberty to overrule the licensing authority by substituting our judgment on the matter for his.

Additionally, the protestants seek to challenge the Manager's designation of the "neighborhood" which would be affected by the proposed outlet. As we read

the record, at the hearing before the Manager, neither the applicant nor the protestants took any exception, as such, to his decision as to just what would constitute the boundaries of the so-called "affected neighborhood." It was in the trial court that the protestants for the first time contended that the Manager had been arbitrary and capricious in his defining of the neighborhood.

█ In this regard protestants rely upon *Cloverleaf Kennel Club v. Board of County Commissioners,* 136 Colo. 441, 319 P.2d 487, where it was said that the word neighborhood connotes nearness, as opposed to remoteness. Following through on this line of argument, protestants point out that the "neighborhood," as designated by the Manager, extends much farther in a northerly direction from the site of the proposed outlet than it does in a southwesterly direction. It should be remembered that the applicant's outlet is not to be in a rural area, but in a new shopping center, located in a basically residential area. In determining just what constitutes a given neighborhood, many factors must be taken into consideration, such as geography, terrain, and barriers, both God-made and man-made. It is not just a matter of linear footage.

██ Be that as it may, this matter never having been raised in the hearing before the Manager, it is not surprising that on the basis of the record now before us, we are unable to find any abuse of discretion in his designation of the affected neighborhood. All of which suggests that in a hearing of this type, if either the applicant for a liquor license, or those appearing to protest, are dissatisfied with the designation by the local licensing authority of the affected neighborhood, they should bring this matter to the attention of that body to the end that a proper record may be made in support of their objection. Otherwise, we as the reviewing court are in a very poor position to determine whether the neighborhood was — or was not — properly defined. And in our review of a matter of this type we are of course

bound by the record, and are not permitted, for example, to make any on-the-spot inspections of our own.

■■ Finally, protestants suggest that the proposed outlet is to be less than 500 feet from an elementary school, in violation of C.R.S. 1963, 75-2-39. We find no evidence in the record to support this assertion. Indeed, at the very outset of the hearing before the Manager, counsel for the protestants stated that he was "willing to proceed on the basis that the proposed outlet is intended to be located in an area which is beyond the 500 foot limitation of the statute." In view of his own statement counsel cannot at this stage of the proceedings open up the matter in this manner.

The judgment of the trial court, approving the order of the Manager that Winter's application be granted, is hereby affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ not participating.