No. 21813.

CITY OF AURORA, ROBERT W. FENNIG, MAYOR, ET AL. *v.* MIKE MORRIS.

(417 P.2d 7)

Decided July 25, 1966.

L. M. Coulter and George B. Lee, for plaintiffs in error.

Lewis E. Eagan, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

The council of the City of Aurora denied the application of Mike Morris for a retail liquor store license. In review proceedings the district court directed the council "to approve" the application, holding that the council had acted arbitrarily and capriciously in denying the application. The trial court recognized, however, that further steps must be taken under C.R.S. 1963, 75-2-42, et seq., before the license could be ultimately issued to Mr. Morris. Urging the errancy of the judgment of the trial court, the council seeks reversal by writ of error.

Mr. Morris applied for the license to operate in a building to be constructed. No plans and specifications of the interior nor drawings of the contemplated structure accompanied the application. A public hearing was held on March 15, 1965, and the application taken under advisement until March 29, 1965.

At the councilmanic session on March 29, 1965, the following took place:

"Motion by Councilman Greener, seconded by Councilman Beck that the application for a package liquor outlet at 3091 Peoria Street be denied for the following reasons: Section 75-2-40 subparagraph (3) of the Colorado Liquor Code states 'The applicant shall file at the time of the application complete plans and specifications for the interior of the building if the building to be occupied is in existence at the time. If the building is not

in existence, the applicant shall, in addition to the plans and specifications for the interior, submit an architect's drawing of the building to be constructed.' It is not felt that this Section was complied with at the time the application was filed, and the first it was seen was during the Public Hearing. [Other reasons followed, the merits of which we need not consider.] For these reasons the motion is made that the application be denied.

Voting Aye: All Councilmen."

■ More than a formal defect is evidenced by the lack of plans and specifications of the interior and a drawing of the structure in which Mr. Morris intended to conduct his business. The lack of these items, mandatorily directed to be filed with the application, is a substantial one. See *Smith v. Commissioners,* 155 Colo. 175, 394 P.2d 840.

The council correctly determined that these items were not timely filed, and its denial of the application should have been sustained by the trial court. The judgment is reversed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.