529 P.2d 327 (1974)
Clyde Michael SPERO, Plaintiff-Appellee,
v.
The BOARD OF TRUSTEES OF the TOWN OF FEDERAL HEIGHTS, Colorado, et al., Defendants, and
Gale Kennedy and Dale Kennedy, Intervenors-Appellants.
No. 73-372.
Colorado Court of Appeals, Div. I.
December 3, 1974.
*328 James G. Johnston, Denver, for plaintiff-appellee.
Feder & Morris, P. C., Visvaldis Jaunarajs, Harold A. Feder, Denver, for intervenors-appellants.
Selected for Official Publication.
BERMAN, Judge.
This is an appeal from a decision of the district court reversing the refusal of the Board of Trustees of the Town of Federal Heights to grant a package liquor license. We reverse.
The Board of Trustees of the Town of Federal Heights (Board) conducted a hearing on and subsequently denied an application submitted by Spero for a license to operate a package liquor store. Spero sought review of the Board's action in the district court, and, in that action, Gale and Dale Kennedy were granted permission to intervene. The district court concluded that the denial by the Board of the liquor license was arbitrary, capricious, and an abuse of discretion, and remanded the cause to the Board with directions to issue the license. The intervenors appeal from that judgment.
Among the grounds for refusing to grant the license, the Board found the application deficient in that it did not comply with the provisions of C.R.S.1963, 75-2-40. The first such deficiency deals with Spero's failure to answer three questions on the application, all of which concerned financial interests which Spero might have in other liquor businesses or which others might have in the proposed liquor business for which he was seeking to obtain a license. The second concerned Spero's failure to file the required plans and specifications with the application. Both of these requirements are mandated by C.R.S.1963, 75-2-40.
In reversing the Board's denial of the license, the district court found, inter alia, that the requirements of the statute dealing with the filing of plans and specifications had been complied with. The court further found that if any defects in the application existed because of the failure to answer the financial interests questions or to provide complete plans and specifications, such defects had been corrected during the course of the hearing.
Spero's application was properly denied by his failure to meet the statutory requirements of C.R.S.1963, 75-2-40. The applicable provisions of that statute provide:
"(1) An application for any new license. . . shall be filed with the appropriate local licensing authority on forms provided by the state licensing authority and containing such information as the state licensing authority may require. Each application shall be verified by the oath or affirmation of such person or persons as prescribed by the state licensing authority.

. . . . . .
(3) The applicant shall file at the time of application complete plans and specifications for the interior of the building if the building to be occupied is in existence at the time. If the building is not in existence, the applicant shall, in addition to the plans and specifications for the interior, submit an architect's drawing of the building to be constructed." (emphasis added)
The application is an official form required to be filed with the Colorado Department of Revenue. The questions in controversy on the form are as follows:
"12. Do you or any members of your family have a financial interest in any *329 other liquor license? (Such financial interest to include any equity interest or loans). If the answer is yes, explain in detail.
13. Does any person, firm or corporation have a financial interest, evidenced either by loans or equity ownership in the business for which this license is requested? If the answer is yes, state names and addresses and amount of such financial interest expressed either in dollars or other items of value, such as inventory, furniture, fixtures and equipment.
14. List the names and addresses of all businesses in which any of the persons in the previous question are interested."
These questions are designed to elicit information pertinent to the requirements of C.R.S.1963, 75-2-15, and the propriety of requiring Spero to furnish such information is unchallenged.
The sworn application submitted by Spero to the Board failed to supply any answers to these three questions. Although these omissions could have been corrected by Spero amending the application at the hearing, see Goehring v. County Commissioners, 172 Colo. 1, 469 P.2d 137, the procedure used at the hearing was insufficient to bring his application into compliance with the requirements of C.R.S.1963, 75-2-40(1).
At the outset of the hearing, the attorneys for Spero and Kennedy both agreed that witnesses were not required to testify under oath. Spero then took the witness stand, acknowledged his failure to supply the information requested with respect to financial interests, stated that it was an oversight, and then proceeded, in response to questions from his counsel, to give his unsworn oral answers to the omitted questions. We view the oath requirement of the statute as mandatory and find Spero's attempt to correct the incomplete application by his unsworn testimony insufficient. The application form required by the licensing authority contains the following introductory warning:
"Every question in this application must be answered. Any FALSE answer or statement made by the applicant constitutes PERJURY and the person making such false statement subjects any license issued herein to revocation."
If nothing more, the oath is a solemn attestation of the prima facie truthfulness of the answers given. We do not determine the truth or falsity of the answers supplied by Spero in response to his counsel's questioning, but it is sufficient to say that the reliability which would have been accompanied by the administering of an oath was here absent. During the course of the hearing, objections that the answers were not made on the application under oath were voiced by Kennedy's attorney, and the answers could have been placed on the application by Spero under oath during the course of the hearing. This was not done.
We hold that where an applicant desires to amend his application required for a liquor license either by changing an answer previously given or by furnishing answers to questions not previously answered, the amendment must be made on the application itself and sworn to anew. Because the requirement of a verified application is mandatory and because statutes dealing with the liquor industry are founded on public policy, and constitute an exercise of the police powers of the state, see C.R.S.1963, 75-2-1; Colorado Springs v. Graham, 143 Colo. 97, 352 P.2d 273; private parties, as here, may not waive the requirements of this statute. 82 C.J.S. Statutes § 376.
As a second basis for its denial of the license, the Board cited Spero's failure to supply plans and specifications for his proposed building with his application as are required by C.R.S.1963, 75-2-40(3). Spero did submit certain plans for a new building, *330 which plans consisted of what are essentially line drawings of the exterior and interior of the building prepared by an architect. No specifications except as to the outside and interior dimensions of the building were shown.
The logical necessity for the submission of plans and specifications is apparent from a reading of C.R.S.1963, 75-2-42(4), which requires inspection by the licensing authority after approval of the application, and before the license is granted, in order for the licensing authority to determine whether the "applicant has complied with the architect's drawing and plans and specifications submitted upon the application." Absent such plans and specifications there is no way in which an inspector could make such a determination, with the obvious result of frustrating the purpose of the law.
The term "plans and specifications" has a special meaning and includes ". . . not only the dimensions and mode of construction, but a description of the material, its kind, length, breadth and thickness, and the manner of joining the separate parts. It is a particular and detailed account of a thing; the accurate description of the materials to be used and work to be performed in the construction of a building; a written instrument containing a good minute description, account or enumeration of particulars." Nave v. McGrane, 19 Idaho 111, 113 P. 82. See also Nevada Bank of Commerce v. Three Seas Corp., 84 Nev. 615, 446 P.2d 647; and 17 C.J.S. Contracts § 11.
We agree that Spero could have filed the plans and specifications and architect's drawings at any time up to and including the hearing, see Goehring, supra, but this he did not do. The trial court, relying on Goehring, supra, held that the plans and specifications were properly supplied to the Board prior to the hearing. Other than drawings of the interior and exterior of the building which we have described, no other plans appear in the record, and a review of the entire transcript of the hearing before the Board, together with the exhibits introduced, reveals that no such plans and specifications were ever filed with the Board.
The trial court's reliance on Goehring, supra, was misplaced under the facts here. That case makes it quite clear that the necessary plans and specifications were supplied during the hearing. All Goehring decided was that the time of the filing of the plans and specifications is not critical so long as they are before the hearing authority when the application is being considered.
The failure of Spero to have detailed specifications of the interior is more than a "formal defect . . . . The lack of these items, mandatorily directed to be filed . . . is a substantial one." City of Aurora v. Morris, 160 Colo. 289, 417 P.2d 7. This failure was as fatal to Spero's application as was his failure to answer the financial questions under oath.
The Board having correctly determined that Spero had failed to comply fully with the requirements of C.R.S.1963, 75-2-40, in each of the grounds dealt with in this opinion, the denial of the application was proper and the district court erred in reversing the Board and ordering issuance of the license.
The judgment is reversed and the cause remanded to the district court with directions to dismiss the complaint.
ENOCH and KELLY, JJ., concur.