585 P.2d 925 (1978)
C. F. NORRIS, Faye Tapio, and the Concerned Citizens of Rocky Ford, Plaintiffs-Appellants,
v.
James W. GRIMSLEY, H. Barton Mendenhall, Frank Holder, Robert R. Ryan, Marion Van Dyke, Sheldon Wood, and Carl Dazzio, as the local liquor licensing authority of the City of Rocky Ford, Colorado, Law Farms and Cattle Company, d/b/a Law Plaza Motel and Restaurant, and Joseph F. Dolan, as the State Liquor Licensing Authority for the State of Colorado, Defendants-Appellees.
No. 77-937.
Colorado Court of Appeals, Div. I.
July 27, 1978.
Rehearing Denied August 17, 1978.
Certiorari Denied October 23, 1978.
*926 Lee N. Sternal, Pueblo, for plaintiffs-appellants.
Wade & Blackburn, Robert E. Blackburn, Las Animas, for defendants-appellees.
RULAND, Judge.
The appellants, C. F. Norris, Faye Tapio, and the Concerned Citizens of Rocky Ford, appeal from a decision of the district court in a C.R.C.P. 106(a)(4) proceeding which affirmed the granting of a liquor license to the appellee, Law Farms and Cattle Company, d/b/a Law Plaza Motel and Restaurant, by the defendant, Rocky Ford City Council. We reverse.
Preliminarily, we address Law Farms' contention that the appellants lack standing to pursue this appeal. In support of this contention, the appellees rely upon Kornfeld v. Perl Mack Liquors, Inc., Colo., 567 P.2d 383 (1977). In Kornfeld, supra, our Supreme Court held that an operator of a competing liquor store does not have standing to appeal a decision of a local licensing authority granting issuance of a liquor license, either under the Colorado Liquor Code, § 12-47-101, et seq., C.R.S.1973, or as a person "substantially aggrieved" by the disposition of the case in the lower court, pursuant to C.R.C.P. 106(a)(4). The Court reasoned that "[e]conomic injury from lawful competition does not confer standing to question the legality of a competitor's operations." Kornfeld, supra. See also Woda v. City of Colorado Springs, Colo.App., 570 P.2d 1318 (1977).
For purposes of evaluating Law Farms' application, the City Council included all of Rocky Ford as the affected neighborhood. See § 12-47-137(2)(a), C.R.S.1973 (1976 Cum.Supp.). Norris and Tapio are both residents of Rocky Ford. Norris also operates a restaurant in Rocky Ford which is licensed to dispense alcoholic beverages with meals sold to its customers. Under *927 the holding in Kornfeld, Norris, as a business competitor, would not have standing to appeal. However, we conclude that Norris, as well as Tapio, has standing as a resident of the neighborhood. Because these parties have standing, we need not address the status of the "Concerned Citizens of Rocky Ford." See Denver Ass'n. for Retarded Children, Inc. v. School District No. 1, 188 Colo. 310, 535 P.2d 200 (1975).
We have previously held that nearby landowners have standing to seek judicial review of the actions of zoning authorities. Bedford v. Board of County Commissioners, Colo.App., 584 P.2d 90 (1978); Snyder v. City Council of City and County of Denver, 35 Colo.App. 32, 531 P.2d 643 (1974); see also Dillon Companies, Inc. v. City of Boulder, 183 Colo. 117, 515 P.2d 627 (1973). And, our Supreme Court has considered an appeal from the granting of a liquor license by fourteen objectors who were residents of the area surrounding the proposed outlet, and three objectors who were pastors of religious congregations in the affected city. See Hanna v. Henderson, 140 Colo. 481, 345 P.2d 384 (1959). As these decisions implicitly recognize, only by permitting the participation of local residents in actions such as these will their legitimate interests in, among other things, the character of their neighborhood, the safety of their children, and the value of their property, be adequately protected. See Dillon, supra; Zuckerman v. Board of Zoning Appeals, 144 Conn. 160, 128 A.2d 325 (1956). Thus, we conclude that residents of the affected neighborhood, by virtue of that fact alone, have a strong interest in insuring that the liquor licensing procedure is fairly and properly administered, see Palisades Citizens Ass'n. v. Weakly, 166 F.Supp. 591 (D.D.C.1958); Lofton v. Posey, 195 So.2d 764 (La.App.1967); Brunson v. Rutherford Lodge No. 547, 128 N.J.Super. 66, 319 A.2d 80 (1974); cf. Zuckerman, supra, and are persons who may seek judicial review of liquor licensing decisions under C.R.C.P. 106(a)(4).
As one facet of its conclusion upholding issuance of the license, the trial court ruled that the City Council could waive the requirement that plans and specifications of the proposed liquor outlet be filed. We agree with appellants that this ruling was erroneous.
Section 12-47-135(4), C.R.S.1973 (1976 Cum.Supp.) provides in part:
"The applicant [for a liquor license] shall file at the time of application plans and specifications for the interior of the building if the building to be occupied is in existence at that time." (emphasis added)
Use of the word "shall" in a statute is mandatory in effect. Board of County Commissioners v. Edwards, 171 Colo. 499, 468 P.2d 857 (1970); Appelgren v. Agri Chem, Inc., Colo.App., 562 P.2d 766 (1977). "More than a formal defect is evidenced by the lack of plans and specifications . . . The lack of these items, mandatorily directed to be filed . . . is a substantial one." City of Aurora v. Morris, 160 Colo. 289, 417 P.2d 7 (1966); Spero v. Board of Trustees, 35 Colo.App. 64, 529 P.2d 327 (1974). Thus, the filing of plans and specifications is mandatory.
Nor can the local licensing authority waive this requirement. Prior to granting a liquor license the local authority must inspect the premises "to determine that the applicant has complied with the architect's drawing and plans and specifications submitted upon the application." Section 12-47-137(4), C.R.S.1973 (1976 Cum.Supp.); Spero, supra. "Absent such plans and specifications there is no way in which an inspector could make such a determination, with the obvious result of frustrating the purpose of the law." Spero, supra.
In light of our conclusion, we do not reach the appellants' remaining contentions.
The judgment is reversed and the cause is remanded to the district court with directions to order the City Council to deny the liquor license application.
STERNBERG, J., concurs.
COYTE, J., dissents.
*928 COYTE, Judge, dissenting:
I dissent.
In my opinion, Kornfeld is dispositive of this appeal. Appellants do not have standing, and the appeal should be dismissed.
Our Supreme Court held in Kornfeld that although the owner or manager of a business located in the neighborhood under consideration was a party in interest, such person was neither a proper party nor a person substantially aggrieved under C.R.C.P. 106(a)(4), and therefore had no standing to appeal.
Section 12-47-140(5)(b), C.R.S.1973, lists the following as "Parties in Interest": (1) the applicant, (2) a resident of the neighborhood under consideration, or (3) the owner or manager of a business located in a neighborhood under consideration. Thus, a resident of the neighborhood under consideration is in the same statutory category as the owner or manager of a business in the neighborhood. Such a resident can accordingly participate in the presentation of evidence and cross-examine witnesses; however, in accordance with the interpretation of the statute as set forth in Kornfeld, these parties have only the right to participate in the evidentiary hearing. They do not have a right to challenge the decision of the local licensing authority in the district court.
The majority has predicated its opinion on the assumption that the appellants are persons substantially aggrieved by the disposition of the case in the lower court. Tapio cannot establish her standing on the basis of representing concerned citizens of Rocky Ford. Her standing must be based on her own showing of personal grievance which must be more than mere interest. Here the record shows no grounds for complaint above and beyond that of any complaining resident of the Rocky Ford community. See generally Kolwicz v. Boulder, 36 Colo.App. 142, 538 P.2d 482 (1975). Certainly she is no more aggrieved than would be the owner or manager of a business located in the neighborhood. The same rule should apply to both parties.
I would therefore dismiss the appeal.