Joel **WALKER** and Valerie Walker,
Appellants (Plaintiffs),

v.

**BOARD OF COUNTY COMMISSIONERS, ALBANY COUNTY, Wyoming,**
Appellee (Defendant),

Carl A. Gustafson and Patricia A. Gustafson, d/b/a Centennial Valley Trading Post, Appellees (Intervenors).

No. 5612.

Supreme Court of Wyoming.

May 5, 1982.

John E. Stanfield, of Smith, Stanfield & Scott, Laramie, for appellants.

George L. Zimmers, Albany County and Pros. Atty., Laramie, for appellee Board of County Commissioners.

Jay Dee Schaefer, Laramie, for appellees Gustafson.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellants (hereinafter referred to as Walkers) petitioned the district court to review administrative actions of appellee, Board of County Commissioners of Albany County (hereinafter referred to as Board), whereby (1) Walkers were denied a retail liquor license, (2) appellees Gustafson (hereinafter referred to as Gustafsons) were granted a retail liquor license, and (3) Gustafsons were granted a dance hall license.

1. Both held limited malt beverage licenses.

We affirm.

Walkers and Gustafsons operated competing businesses [1] in Centennial, an unincorporated community in Albany County. Both applied for retail liquor licenses which became available by virtue of increased population in Albany County. On August 5, 1980, the Board held a public hearing with reference to the issuance of the new retail liquor licenses. Although inquiry was specifically made at the hearing for protests to the issuance of retail liquor licenses to Walkers and to Gustafsons, there were no protests to the issuance of such licenses to either of them. The Board decided to issue only one license in Centennial, and it was issued to Gustafsons. Walkers' application was denied. Walkers petitioned the district court to review both actions.

Gustafsons had also applied for a dance hall license. After a hearing on the application, the dance hall license was issued to them on July 16, 1980. Walkers also petitioned the district court to review this action. However, when the dance hall license came before the Board for renewal on July 7, 1981, it was not renewed.

The district court concluded that the requirements of the Wyoming Administrative Procedure Act were not applicable to the issuance of retail liquor licenses and that the issue relative to the dance hall license was moot.

## DANCE HALL LICENSE

A cause will not be considered when a judgment rendered cannot be carried into effect. *Belondon v. State*, Wyo., 379 P.2d 828, 829 (1963).

" * * * Appellate courts, including trial courts in an appellate role, will not render decisions which cannot be carried into effect. Courts will not consume their time deciding moot cases; no controversy will exist and courts will not decide cases to arise in the future. *State v. Jones,* 1945, 61 Wyo. 350, 157 P.2d 993. * * * "

*Northern Utilities, Inc. v. Public Service Commission*, Wyo., 617 P.2d 1079, 1085 (1980).

■ Walkers would have us consider the propriety of the issuance of the dance hall license to Gustafsons, although it has since been cancelled, as a question of great public interest, and because the license can be reissued. Suffice it to say that we do not consider the issue to be of the magnitude of one of great public interest. The situation as it now exists would remain unchanged by any determination now made by us. The issue is moot. The district court was correct in so finding.

## DENIAL OF WALKERS' APPLICATION

■ Section 12–4–104(e), W.S.1977, provides:

"(e) An applicant for a renewal license or permit may appeal to the district court from an adverse decision by the licensing authority. *No applicant for a new license shall have a right of appeal* from the decision of the licensing authority *denying an application.*" (Emphasis added.)

The right to judicial review of administrative actions is entirely statutory.

" 'Each statute must be carefully examined to discover the legislature's intent to restrict judicial review of administrative action. (*Heikkila v. Barber* (1953), 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.) While it is often said that barring constitutional impediments the legislature can preclude judicial review (See *Mount St. Mary's Hosp. v. Catherwood* (1970), 26 N.Y.2d 493, 511, 518–519, 311 N.Y.S.2d 863, 260 N.E.2d 508 (Fuld, C. J., Concurring)), such intent must be made specifically manifest, and persuasive reason must exist to believe such was the legislative purpose. (*Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681.) Only upon a showing of clear and convincing evidence of contrary legislative intent should the courts restrict access to judicial review. *Rusk v. Cort* (1962), 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809.' " *U. S. Steel Corporation v. Wyoming Environmental Quali-*

*ty Council*, Wyo., 575 P.2d 749, 750 (1978), quoting from *Klein v. Fair Employment Practices Commission*, 31 Ill.App.3d 473, 334 N.E.2d 370, 374 (1975).

Section 9–4–114(a), W.S.1977, (part of the Wyoming Administrative Procedure Act) provides:

"(a) Subject to the requirement that administrative remedies be exhausted and *in the absence of any statutory or common-law provision precluding or limiting judicial review*, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review * * *." (Emphasis added.)

Inasmuch as the right to judicial review of the denial of their application for a liquor license was specifically and positively forbidden by the statute, Walkers cannot here contest such denial.

## GRANT OF RETAIL LIQUOR LICENSE TO GUSTAFSONS

Walkers contend that they are entitled to a judicial review of the propriety of the issuance of the retail liquor license to Gustafsons, and that the Board erred in failing to apply the requirements of the Administrative Procedure Act to the hearing on Gustafsons' application whereby the issues on the merits of the matter could be properly formulated for appeal.

Those parties most likely to be concerned with the action of the issuing authority with reference to issuance or renewal of retail liquor licenses are: (1) the successful applicant for a license; (2) the unsuccessful applicant for a license; (3) the applicant for renewal of a license; (4) the attorney general, county and prosecuting attorney, and the Wyoming Liquor Commission; and (5) residents of the county, town or city issuing the license or people residing in the vicinity of the licensed, or proposed to be licensed, premises. With reference to a right of judicial review and to the application of the provisions of the Administrative Procedure

Act for a hearing involving these parties, we note: (1) The successful applicant for a license would not desire an appeal or be concerned with a challenge to the action. (2) As already noted, supra, § 12–4–104(e) precludes judicial review by an unsuccessful applicant for a license, wherefore the use or failure to use the provisions of the Administrative Procedure Act in the hearing would be irrelevant as to him. (3) The same section expressly provides for judicial review by the district court of the refusal to approve an application for renewal of license, but § 12–4–104(f) provides that the review shall be "as a trial de novo with evidence taken and other proceedings had as in the trial of civil actions." Thus, such proceedings would not be subject to the Administrative Procedure Act. (4) The procedures set forth for revocation or suspension of a retail liquor license [2] which are to be instituted by the attorney general or by the county and prosecuting attorney are "civil actions and shall be tried before the court without a jury * * * in accordance with the Wyoming Rules of Civil Procedure," § 12–7–201(b), W.S.1977, or as a criminal matter, § 12–8–101, W.S.1977. On the other hand, the procedure for such suspension or revocation which is to be instituted by the Wyoming Liquor Commission is "in accordance with the Wyoming Administrative Procedure Act * * * subject to judicial review * * *," § 12–7–201(d), W.S.1977; and (5) § 12–4–104(b), W.S.1977, directs in part:

" * * * A license or permit shall not be issued, renewed or transferred if the licensing authority finds *from evidence presented at the hearing*:

"(i) The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected;

* * * * * *

"(iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal or transfer of the license or permit * * *."

Thus, the "welfare of the people residing in the vicinity" and the "desires of the residents" must be determined "from the evidence presented at the hearing." The Administrative Procedure Act would afford such parties the right to appeal if they are " * * * aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction * * *." Section 9–4–114(a). See Rule 12.01, W.R.A.P. The issuance or transfer of a retail liquor license to a place opposed by every resident of the issuing unit and whereat the welfare of those in the vicinity (nursing home, hospital, nursery, etc.) would be obviously and seriously affected must be subject to judicial review. The provisions of the Administrative Procedure Act would apply to the hearing on the issuance or renewal of a retail liquor license with reference to the potential for judicial review by such residents.

▮ In summation, a right to a hearing pursuant to the Administrative Procedure Act with resulting judicial review in matters pertaining to the issuance or renewal of a retail liquor license exists only (1) to those people and residents referred to in § 12–4–104(b)(i) and (iv) for the purposes there set forth; and (2) to matters involving revocation or suspension of such licenses by the Wyoming Liquor Commission pursuant to § 12–7–201(d), W.S.1977. This case does not concern the second situation. The question is whether or not Walkers have standing as people and residents to the rights referred to in § 12–4–104(b)(i) and (iv) to challenge the action of the Board in issuing a license to Gustafsons.

---

**2.** Section 12–1–101, W.S.1977, et seq. and the regulations of the Wyoming Liquor Commission made pursuant thereto set forth requirements which, if violated, can result in suspension or revocation of license or criminal action, e.g., hours of sale, places of sale, sale to minors, terms and methods of purchase and sale

of alcoholic liquor and malt beverages. Certain basic requirements for holding a retail liquor license which are subject to enforcement are also set forth, e.g., not to be held by a mayor, member of city or town council, or county commissioner, by a minor, by a nonresident, etc.

Walkers' position in this situation is suspect. They represent to the court that the failure of the Board to apply the Administrative Procedure Act to the license hearing prevents them from evidencing an abuse of discretion and arbitrary action on the part of the Board when it determined that the issuance of the license to Gustafsons was not contrary to the desires of the residents of the county and would not have an adverse and serious effect upon the welfare of the people residing in the vicinity. Whatever merit such representations may have is lost when considered in the context of Walkers' position. They did not indicate any protest to the issuance of the license to Gustafsons when such protest was specifically solicited by the Board. In applying for a similar license very near the place for which Gustafsons were granted a license, the Walkers impliedly acknowledged that a license at that location was not contrary to the desires of the residents of the county and would not have an adverse and serious effect upon the welfare of the people residing in the vicinity.

Walkers did not come into court with clean hands. He who comes into equity must come in with clean hands. *Takahashi v. Pepper Tank & Contracting Co.*, 58 Wyo. 330, 131 P.2d 339 (1942). Walkers purport to be in court with concern for the welfare of the people residing in the vicinity, but their own previous actions prevent them from assuming such position. We cannot accord them the status of those entitled to invoke judicial review of the Board's action with reference to compliance with § 12–4–104(b)(i) and (iv).

■ But there is more. After issuance of the retail liquor license to Gustafsons, Walkers filed a petition for a hearing pursuant to the Board's "Rules of Practice." These rules of practice provide that anyone aggrieved by any action or inaction of the Board may request a hearing as a contested case on the action or inaction. The hearing was held in accordance with the general format prescribed by the Administrative Procedure Act. Findings of Fact, Conclusions of Law and Decision of the Board resulted. Thereafter, Walkers filed a "Petition for Review and for De Novo Hearing" in the district court. Among other things they requested that the Board's action in issuing a retail liquor license to Gustafsons "be set aside and ; the said license be declared to be null and void and that it be cancelled and revoked of record," and that the Board "*be directed to issue a retail liquor license to Plaintiffs [Walkers] forthwith pursuant to their application for the same* and that Defendant Board's rejection of said application be set aside and held for naught" (emphasis added).

Although § 12–4–104(e), supra, denies the right of appeal to an applicant for a new license only from a decision denying his application, the status in which such applicant places himself by the application will normally preclude him from standing to contest the issuance to another of the license for which he applied. Certainly, the circumstances in this case make such so.

Comment is proper with reference to two cases argued at length by the parties. *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520 (1957), was decided before the enactment of the Administrative Procedure Act. A request was made for transfer of a retail liquor license. It was protested by church groups located in the vicinity of the place to which transfer was requested. A petition of 250 people was presented in opposition. The city council denied the application [3] and appeal was taken *by the applicant* to the district court and then to this court. Although we questioned the propriety of an appeal by the applicant, we found no abuse of discretion or arbitrary

---

**3.** The city council may also have considered the equity of the situation. At the time, a corporation could not hold a retail liquor license unless all of its officers and stockholders were Wyoming residents. The Frontier Hotel was a corporation with some nonresident stockholders, and the license for its restaurant and bar was held in the name of its manager, Mr. Whitesides. When the hotel and Mr. Whitesides ceased their association, he made application to move the license from the hotel to another location. Approval of the transfer would have left the hotel without the license held for it by its managers for many years.

action on the part of the city council. The case did not involve an appeal by allegedly affected residents from a grant of a license.

In *Glenn v. Board of County Commissioners, Sheridan County*, Wyo., 440 P.2d 1 (1968), we held that the provisions of the Administrative Procedure Act applied to an application to transfer a retail liquor license to a new location; that the transfer was improperly denied on the grounds that the population of the community would not support it; and that relocation would increase drinking, promote sales to minors and create further liquor dispensing and alcohol drinking. In effect, the board was said to have acted arbitrarily and to have abused its discretion. Again this case involved an appeal *by the applicant*. It was not by the allegedly affected residents from a grant of the license.

Neither of these cases are pertinent to the issues presented in this case.

Affirmed.

THOMAS, Justice, specially concurring, with whom ROSE, Chief Justice, joins.

I agree with the holdings set forth in the opinion of the court with respect to the matter of the dance hall license and the availability of any review of the denial of the Walkers' application for a retail liquor license. I am in accord with the disposition of the question with respect to review of the grant of the license to the Gustafsons, but I would justify that result in a slightly different way from that set forth in the majority opinion.

I do agree that the Wyoming Administrative Procedure Act, §§ 9–4–101, et seq., W.S.1977, is applicable to the granting of a retail liquor license. This court strongly suggested that view in *Glenn v. Board of County Commissioners, Sheridan County*, Wyo., 440 P.2d 1 (1968). Giving due recognition to the limitations upon review which are incorporated in § 12–4–104, W.S.1977, it would be my view that in the context of the right of protestants to a review of the granting of a retail liquor license that right would be justified by the provisions of § 9–4–113(a), W.S.1977. The standing of the Walkers to appeal the granting of the retail liquor license to the Gustafsons as protestants is not inhibited by their competing application for a license. *Norris v. Grimsley*, 41 Colo.App. 231, 585 P.2d 925 (1978).

I then would limit the scope of the review to those objections or issues which were presented at the hearing held pursuant to § 12–4–104, W.S.1977. *Garcia v. Arizona State Liquor Board*, 21 Ariz.App. 456, 520 P.2d 852 (1974); and *Hicks v. Capra*, 160 Colo. 248, 416 P.2d 362 (1966). As the opinion for the court correctly states, the Walkers at the hearing conducted under § 12–4–104, W.S.1977, made no objection or protest to the application for a retail liquor license submitted by the Gustafsons. An examination of the factors listed in § 12–4–104(b), W.S.1977,[1] demonstrates that an objection to the Gustafson application on those grounds probably would have been devastating to the Walkers' application. Despite the conclusion that the Walkers' failure to

1. Section 12–4–104(b), W.S.1977, provides as follows:

"(b) Any license or permit authorized under this title shall not be issued, renewed or transferred until on or after the date set in the notice for hearing protests. If a renewal or transfer hearing, the hearing shall be held no later than thirty (30) days preceding the expiration date of the license or permit. A license or permit shall not be issued, renewed or transferred if the licensing authority finds from evidence presented at the hearing:
"(i) The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected.

"(ii) The purpose of this title shall not be carried out by the issuance, renewal or transfer of the license or permit;
"(iii) The number, type and location of existing licenses or permits meets the needs of the vicinity under consideration;
"(iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal, or transfer of the license or permit; or
"(v) Any other reasonable restrictions or standards which may be imposed by the licensing authority shall not be carried out by the issuance, renewal or transfer of the license or permit."

object or protest is understandable, the result is that the Walkers effectively waived all grounds which could be encompassed in a review of the grant of the license to the Gustafsons. In so doing they negated their standing to seek an appellate review.